H. W. MERRILL v. W. E. ROBERTS ET AL.

(Case No. 5301.)

1. CASES REVIEWED — HEADRIGHT CERTIFICATE — CASE DISTINGUISHED.— This case distinguished from Hughes *v.* Lane, 6 Tex., 294, and Peck *v.* Moody, 23 Tex., 94, and the doctrine announced in these cases, that headright certificates were required to be approved, or established by suit, in order that title might be secured under them, has no application to a case where patent had issued and suit is brought by those claiming under the patent.

2. FACT CASE — LAND CERTIFICATE — STALE DEMAND.— See opinion in this case for facts pleaded, under which it was held that the doctrine of stale demand did not bar a recovery of the community interest in land by the heirs of a deceased wife, whose husband had transferred his interest in the headright certificate, by virtue of which the land was patented to his assignee. (The husband transferred his interest in the certificate in 1851; the wife died in

1839; the certificate issued in 1838; the land was patented in 1860 to the assignee of the husband, and suit was brought to recover the community interest inherited from the mother, in 1880.)

3. LACHES.— Ordinarily, laches will not be imputed to one who, having a cause of action, fails to sue while the statutes of limitation are suspended.

ERROR from Clay. Tried below before the Hon. B. F. Williams.

On the 4th day of May, 1880, this suit was brought in the district court of Clay county by W. E. Roberts, Mary E. Roberts and L. P. Lodge, joined by her husband, John Lodge, residents of Texas, against Hamilton W. Merrill, of New York, to recover an undivided half of a league of land situated in Wichita county, and to have partition between plaintiffs and defendant; alleging that defendant was in possession of the league and that it had been patented to him, but that plaintiffs were equitable owners of half the land; and praying for a removal of the cloud which they alleged was cast upon their title by defendant's patent.

During the pendency of the suit John Lodge died and the suit was subsequently prosecuted by the remaining plaintiffs. The defendant answered, and on the last day of the December term of court, A. D. 1882, a trial was had resulting in a judgment in favor of plaintiffs for the land sued for and a decree of partition between them and defendant. On the same day the commissioners of partition made report, and the partition as reported was approved and confirmed by the court.

The first and second assignments of error were waived. The third, fourth, fifth and sixth were as follows:

3d. " The pleadings of the plaintiffs do not set forth or show any cause of action on which the said judgment could have been legally rendered."

4th. " The judgment rendered in said cause was not warranted by law on the plaintiffs' pleading therein, and is manifestly unjust, inequitable and illegal."

5th. " The claim of plaintiffs appears on the face of their pleadings to be a stale demand and should have been so adjudged."

6th. " The judgment is further contrary to law in this, to wit: It directs the commissioners of partition to allot to the plaintiffs two thousand two hundred and fourteen acres and to the defendant two thousand two hundred and fourteen acres, thereby precluding the commissioners from having that due regard to the quality and value of the land which the law requires in making a partition."

So much of the pleadings as are material to a proper understanding of the opinion will be found in the opinion itself.

*Morgan & Gibbs,* for appellant, that the title relied on was not sufficient to support the judgment, cited: Lucketts *v.* Townsend, 3 Tex., 128; Able *v.* McMurray, 10 Tex., 351; Tumlinson *v.* York, 20 Tex., 697; 6 Tex., 291.

That a claim on an unrecommended certificate can confer no right to land, they cited: McKinney *v.* Brown, 51 Tex., 97; De Leon *v.* White, 9 Tex., 609.

That the claim was a stale demand, they cited: De Cordova *v.* Smith, 9 Tex., 129; Tinnen *v.* Mebane, 10 Tex., 246; Smith *v.* Hampton, 13 Tex., 459; Carlisle *v.* Hart, 27 Tex., 351; Brown *v.* Guthrie, 27 Tex., 610; Hines *v.* Thorn, 57 Tex., 98; Smith *v.* Shinn, 58 Tex., 1; McFadden *v.* Williams, 58 Tex., 625; Taylor *v.* Campbell, 59 Tex., 315; League *v.* Rogan, 59 Tex., 427; Lewis *v.* Cole, 60 Tex., 341; Parker *v.* Spencer, 61 Tex., 155; O'Shea *v.* Twohig, 9 Tex., 336; Clark *v.* Goss, 12 Tex., 395; Runge *v.* Wyatt, 25 Tex. Sup., 291.

*Swan & Bomar* and *P. B. Stine,* for appellees, that an allegation that the certificate had been recommended was not necessary, cited: Pasch. Dig., art. 4124; Johnston *v.* Smith, 21 Tex., 728; Burkett *v.* Scarborough, 59 Tex., 497; McPhail *v.* Burris, 24 Tex., 145; Hanrick *v.* Jackson, 55 Tex., 32.

That laches could not be imputed to the plaintiffs, they cited: Session Laws 1870, sec. 13, p. 59; Session Laws 1874, secs. 1, 2, p. 7; Session Laws 1879, p. 150; State *v.* Andrews, 20 Tex., 230; Holden *v.* State, 1 Tex. Ct. Ap., 225.

DELANY, J. COM. APP.— The third assignment of error is, in effect, that the pleadings of the plaintiffs do not set forth a cause of action upon which the judgment in their favor could be legally rendered.

The principal objection which they make to the petition is the want of any allegation that the headright certificate, issued to their father, had been approved or established by suit; and they refer to a line of decisions like Hughes *v.* Lane, 6 Tex., 294, and Peck *v.* Moody, 23 Tex., 94. The authority of these decisions is not questioned; but they deal with a state of facts in which no patent had issued, and in which the certificate, or the certificate and survey, were the sole ground of the plaintiff's claim.

Here the petition alleges not merely the issuance of the certificate, but its loss and the issuance of a duplicate, and further, the issuance of the patent. These allegations appear to us sufficient, without the additional averment of the recommendation of the cer-

tificate or its establishment by suit.   See Burkett v. Scarborough, 59 Tex., 495, and authorities cited.

The next question of importance arises upon the fifth assignment of error, which is as follows:  "The claim of the plaintiffs appears upon the face of their pleadings to be a stale demand, and should have been so adjudged."

The certificate issued to the father of plaintiffs in 1838.   Their mother died in 1839.   In 1851 the father transferred his interest in the certificate to one M. T. Johnson, and soon afterwards Johnson made a similar transfer to the defendant.   The certificate having been lost, a duplicate issued in 1855 in the name of the father, Moses F. Roberts, and on April 10, 1860, the land was patented to the defendant as assignee of Roberts.   The plaintiffs further allege that soon after the defendant's purchase of the certificate he left the state, and has been absent ever since; that prior to the location of the certificate they did not know that any one claimed it adversely to them; nor did they know afterwards the names or places of residence of those so claiming, though they made every effort to ascertain the facts; and that they have never received any portion of the community estate of their parents.   That within a year after the issuance of the patent the civil war commenced, and the statute of limitations was suspended until March 1, 1870.   That the land was located in Wichita county, which, up to the time of the filing of this suit, was not organized, was an uninhabited county, subject to the invasions of hostile Indians, and that from February 10, 1874, until April 23, 1879, it was not attached to any organized county for judicial purposes, and no court had jurisdiction to try titles to land within its limits.

Upon this state of facts was it the duty of the court, of its own motion, to treat the case of the plaintiffs as a stale demand?   We incline to think not.   Up to the time of the issuance of the patent, it does not clearly appear from the petition that the plaintiffs were aware of any claim of the defendant inconsistent with their own; and if they were, the continued absence of the defendant from the state would prevent the running of the statute against them.   R. S., 3216.   Soon after the issuance of the patent the statute was suspended, and remained suspended until March 30, 1870.   And in ordinary cases laches will not be imputed to a plaintiff who fails to bring suit while the statute is suspended.   Reed v. West, 47 Tex., 240.

The plaintiff below had alleged that, from 1874 to 1879, the county of Wichita, in which the land lay, was not attached, for judicial pur-

poses, to any organized county, and hence there was no court in which this suit could be brought. The plaintiff in error, in this court, controverts that statement, and refers us to several acts of the legislature, insisting that, as they are public acts, we should take notice of them. By the act of May 10, 1870, sec. 13, a number of counties, and among them Wichita, were attached to the county of Montague for judicial purposes. Acts 1870, p. 53.

By the act of February 10, 1874, section 13, above mentioned, was amended or rather replaced by an entirely new section 13. In this amendment the provision concerning Wichita was omitted. Acts 1874, p. 7.

This was treated as a repeal of the section 13 of the first named act. Holden v. State, 1 Tex. Ct. App., 225.

By act of April 23, 1879, a number of counties, and among them Wichita, were attached, for judicial purposes, to the county of Clay. The preamble to that act is as follows: "Whereas, the unorganized counties . . . mentioned in the caption of this bill are not, by any statute now in force, attached to any organized county for judicial . . . purposes; therefore, . . ." Acts 1879, p. 150.

This is all that seems necessary to be said on this part of the case. If the plaintiff in error had been without fault himself, he might have been in a position to "cast the first stone" at the opposite party; but in view of his own shortcomings he can hardly demand a very rigid scrutiny into the diligence of the defendants in error.

Our opinion is that the judgment should be affirmed.

AFFIRMED.

[Opinion adopted June 23, 1885.]