MARY ROANE BUSTER ET AL. V. JOHN WARREN, SR., ET AL.

Decided April 29, 1904.

**1.—Land Certificate—Recital in, Not Conclusive—Grantee.**

A recital in an unconditional land certificate issued by a land board of a county that the grantee in the original certificate was dead and his administrator entitled to the unconditional certificate was not conclusive against those claiming as heirs of the original grantee where the evidence shows that he was not dead at the time the unconditional certificate was issued and had never sold the land. Davis v. Bargas, 88 Texas, 622; Dick v. Malone, 24 Texas Civ. App., 97; Smith v. Walton, 82 Texas, 547; Clifton v. Hewitt, 56 S. W. Rep., 132, distinguished.

**2.—Practice on Appeal—Excepting to Findings.**

A party who does not except to the findings of fact filed by the trial court can not attack such findings by cross-assignment on appeal. Rev. Stats., art. 1333.

**3.—Evidence Disproving Recital in Certificate—Finding of Fact.**

Evidence considered and held sufficient to justify a finding that one under whom plaintiffs claim was the person to whom the original certificate, under which the land in controversy was located, was issued, notwithstanding the unconditional certificate and the judgment of the county court on the application for administration, recited that the grantee in the original certificate had died prior to the date of the issuance of the unconditional certificate, where the evidence shows that the original grantee did not die until several years afterwards.

**4.—Statutes Construed—Residence—Title—Certificate.**

Article 4150, Paschal's Digest, construed, in view of article 4178, as not requiring three years residence in the State after issuance of conditional certificate in order to perfect his title.

**5.—Administration—Land Board—Findings.**

A finding by a land board that at the time of the issuance of an unconditional land certificate the original grantee was dead would not divest him of title to the land where he was in fact still living, nor be conclusive that the original grantee was another person than the one shown to be living when the unconditional certificate was granted.

**6.—Limitation—Adverse Possession—Evidence Insufficient to Support.**

Evidence that one fenced part of the land claimed by him and built a small house thereon, these improvements remaining six or seven years when the fence was taken down and sold, in the absence of evidence showing who occupied the premises during this time or the length of such occupancy or any cultivation or use of the premises by such person or anyone holding under him, was insufficient to support a title of limitation by adverse possession. The record showing that the facts were not fully developed upon the issue of limitation, the cause should be reversed and remanded for a new trial.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Baker, Botts, Baker & Lovett,* for appellants.

*Hutcheson, Campbell & Hutcheson,* for appellee John Warren, Jr.

*Brown, Lane, Garwood & Parker,* for appellees W. L. Gardien et al.

*West & Cochran,* for appellee New York and Texas Land Company, Limited.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass

to try title brought by the appellants against the appellees to recover the title and possession of a tract of 640 acres of land in Harris County, patented to the heirs of Samuel W. Upshaw. Plaintiffs' petition is in the ordinary form of an action of trespass to try title.

The defendants, the New York and Texas Land Company, Limited, John Warren, Jr., W. L. Gardien and M. F. Gardien, and I. D. Eckhardt and W. R. Eckhardt, filed separate answers claiming respectively different portions of said 640-acre survey. The first named defendant disclaimed as to all of said survey except a tract of 160 acres fully described in its answer. As to this 160 acres said defendant pleaded not guilty, and further pleaded that it was the owner in fee simple of said land and that plaintiffs' claim of title thereto is without foundation and is a cloud upon defendant's title, and prayed for judgment quieting it in the title and possession of said land and for removal of the cloud upon its title caused by plaintiffs' assertion of title.

The defendant John Warren, Jr., disclaimed as to all of said land except a tract of 240 acres described in his answer, as to which he pleaded not guilty and the statutes of three, five and ten years limitation, and the defenses of stale demand and innocent purchaser for value. He also prayed for judgment annulling plaintiffs' claim of title to said 240 acres and quieting him in the title and possession of same.

The defendants M. F. Gardien, W. L. Gardien, I. D. Eckhardt and W. R. Eckhardt disclaimed as to all of said land except a tract of 240 acres described in their answer. As to this 240 acres they set up the same defenses pleaded by their codefendant Warren, and in addition thereto pleaded the four years statute of limitation. They also prayed for judgment annulling plaintiffs' claim of title to said land and quieting them in their title and possession of same.

The case was tried in the court below without a jury and resulted in a judgment in favor of defendants in accordance with the prayers of their respective answers.

The record discloses the following facts: Plaintiffs are the heirs of Samuel W. Upshaw, who was born in Virginia in 1805 and came to Texas in 1836, and on October 1st of that year enlisted in the Texas army. He was honorably discharged from the army on December 19, 1837. There is evidence showing that he was in Brazoria County, Texas, in 1837, and in Harris County in 1838. The original conditional certificate by virtue of which the land was located was issued by the Board of Land Commissioners for Harrisburg County, at Houston, Texas, on July 6, 1838. Omitting the caption this certificate is in the following language:

"This is to certify that Samuel W. Upshaw has appeared before us, the Board of Land Commissioners, for the county aforesaid, and proved according to law that he arrived in this Republic subsequent to the declaration of independence and previous to the 1st of October, 1837, and that he is a single man, and is entitled to 640 acres of land to be sur-

veyed after the first day of August, 1838." Dated at Houston the 6th day of July, 1838.

The original field notes of the land in controversy show that it was located by virtue of this certificate on November 23, 1838. The evidence further shows that plaintiffs' ancestor was married in the State of Kentucky on December 25, 1839, and that he remained in said State for about five years and then moved to the State of Mississippi and died there in 1864. It is not shown when he left Texas, but from the evidence as to the length of time it would take to make the trip from Texas to Kentucky he must have left Texas not later than November 1, 1839. He never returned to this State after his marriage. He always claimed that he owned lands in Texas, and frequently spoke of the matter to his family. While living in Kentucky he gave his land papers to a young lawyer who left that State to come to Houston, Texas, and who promised to look after his lands and pay the taxes thereon for him. Nothing was ever heard of the lawyer after he left Kentucky and the papers were never returned to Upshaw.

On January 12, 1852, John H. Woodward filed a petition in the probate court of Harris County for appointment as administrator of the estate of Samuel W. Upshaw. This petition recites that said Upshaw, a citizen of Harris County, died in said county several years prior to the filing of the petition. The petition was granted at the January term, 1852, of said court and Woodward was appointed administrator. On January 27, 1852, Woodward filed an inventory of the estate showing that he held as such administrator an unconditional certificate for 640 acres of land issued in confirmation of the conditional certificate issued on the 6th of July, 1838, by virtue of which the land in controversy was located. On the same day he applied for an order of sale of said certificate. The petition for an order of sale recited that the property of the estate consists of only the certificate for 640 acres of land and that it is necessary to sell same in order to pay the debts of the estate. The only debts mentioned in the petition are $5 paid for procuring the certificate and $35 estimated cost of the administration. At the same term of court the application for sale of the certificate was granted. Acting under this order the administrator sold the certificate on March 2, 1852, to W. R. Baker for $30. This sale was reported by the administrator and confirmed by the court at the March term, 1852, and acting under said order of confirmation the administrator on April 10, 1852, executed a deed to Baker for said certificate and the land located thereunder. The defendants by mesne conveyances, all of which have been duly recorded, claim title under Baker, and they and those through whom they claim have asserted title and ownership to the land in controversy and paid the taxes thereon since the purchase of said certificate by Baker.

Except as indicated in the statement before made of the claim of plaintiffs' ancestor of ownership of lands in Texas and his attempt to

have the taxes thereon paid by the lawyer who left Kentucky for Texas many years ago, there is no evidence that either plaintiffs or their ancestor ever asserted any claim to the land in controversy until shortly before the filing of this suit in June, 1901.

The unconditional certificate by virtue of which the land was patented is in the following language:

"State of Texas, Harris County. No. 1172. 2d Class, 640 Acres. The undersigned Board of Land Commissioners of Harris County, do hereby certify that proof has been made before us that Sam'l W. Upshaw emigrated to Texas previous to the first of October, 1837, and died therein; that he has complied with the law; and that he received a conditional headright certificate from the Board of Land Commissioners of Harrisburg County for 640 acres, dated June 6, 1838, Class 2. That said Sam'l W. Upshaw by Admr. is therefore entitled to an unconditional headright of six hundred and forty acres by virtue of his emigration, and the above described conditional certificate. Given under our hands, at the city of Houston, this 19th day of Jany., 1852.

"HARVEY H. ALLEN,<br>"Chief Justice.

[Seal]

"JOHN VIREN,<br>"D. W. CHESTER HARRIS,<br>"Commissioners.

"Attest: W. R. Baker, Clerk."

The record book of the Board of Land Commissioners for Harris County contains the following entry of date January 19, 1852:

"1172. Samuel W. Upshaw, conditional certificate. Harris County. 640 acres, second class, dated June 6, 1838, arrived before October 1, 1837, and died. Witness: John W. White, Chas. Bowyer."

Two witnesses testified for the defendants that they were acquainted with John W. White, whose name appears upon the record of the Board of Land Commissioners as one of the witnesses who established the facts authorizing the issuance of the unconditional certificate, and that his character and reputation were good.

The patent to the land was issued October 22, 1860. The grant is made to "The Heirs of Samuel W. Upshaw, deceased, their heirs or assigns," and the grantees are designated in the habendum clause by the same language.

The only evidence tending to show that there was any person by the name of Samuel W. Upshaw other than plaintiffs' ancestor who was in Texas at or about the time the original certificate was issued, is the recital in the unconditional certificate and the application for administration that the grantee in the original certificate had died prior to 1852.

The trial judge found as a conclusion of fact that plaintiff's ancestor was the person to whom the original certificate for the 640 acres

of land in controversy was issued, but held as a conclusion of law that the judgment of the land board of Harris County, evidenced by the recital in the unconditional certificate that the grantee in the original certificate was dead and that his administrator was entitled to the unconditional certificate, was conclusive against plaintiffs' right to recover the land as heirs of the original grantee, who the evidence shows did not die until twelve years after the unconditional certificate was issued.

Appellants' first assignment of error assails the judgment upon the ground that the court having found as a fact that the original certificate was issued to the Samuel W. Upshaw, who was plaintiffs' ancestor, and there being no evidence that said certificate or the land located thereunder had been sold by said Upshaw or by plaintiffs, judgment should have been rendered for plaintiffs.

We think the assignment should be sustained. At the request of appellants the trial court filed his conclusions of law and fact, his first finding of fact being as follows:

"The plaintiffs are the sole heirs at law of one Samuel W. Upshaw, who was born in Virginia on October 19, 1805, and who came to Texas during the year 1836. Prior to December 25, 1839, said Samuel W. Upshaw returned to Kentucky, and on that date, to wit, December 25, 1839, married. He thence removed to Mississippi, where he died on April 30, 1864, never having returned to Texas. I also find that this Samuel W. Upshaw was the same person to whom the original conditional certificate dated July 6, 1838, was issued, granting the 640 acres of land in controversy."

Appellees did not except to this finding, and we understand the rule to be that having failed to except to the conclusions of fact filed by the court below they can not by cross-assignment in this court raise the question of the sufficiency of the evidence to sustain said finding. They are in the same position as an appellant who, having failed to raise a fact issue by motion in the lower court for a new trial, seeks to raise such issue by an assignment of error in the appellate court. The findings of fact by a trial court in a case tried without a jury are to be governed by the rules applicable to the findings of a jury upon special issues, and if not excepted to in the lower court can not be assailed upon appeal. Rev. Stats., art. 1333; Drake v. Davidson, 28 Texas Civ. App., 184, 66 S. W. Rep., 889. If, however, the question was presented in such manner as to authorize our consideration we would not hold that the evidence was insufficient to sustain the finding. The evidence shows beyond question that appellants' ancestor came to Texas in 1836 and was here in 1838, when the original certificate was issued. As an unmarried white person who emigrated to this State after the declaration of independence and previous to the 1st of October, 1837, he was entitled to a certificate for 640 acres of land. The unconditional certificate which was offered in evidence by plaintiffs, with the reservation that they were not offer-

ing the recital therein that Samuel W. Upshaw had died previous to the issuance of said certificate, contained the further recital that said Upshaw had complied with the law and was entitled to an unconditional certificate for 640 acres of land by virtue of the conditional certificate issued July 6, 1838. There is no recital as to when Upshaw died, and the recital that he had complied with the law and was entitled to the unconditional certificate must be taken to mean that he had resided in the Republic for three years and performed all the duties required of him as a citizen. The evidence as to the length of time plaintiffs' ancestor remained in Texas is not at variance with this recital. He came to Texas prior to the 1st of October, 1836, on which date he enlisted in the army. The evidence shows that he was here during the years 1837 and 1838, and his arrival in Kentucky, to which State he removed after leaving Texas, is not shown to have been earlier than December 25, 1839. It was shown by the evidence that it would at that time have taken not more than six weeks or two months to make the trip from Texas to Kentucky. We think upon these facts, and the further fact that plaintiffs' ancestor always claimed to have acquired land in Texas during his residence there, the trial court was justified in finding that he was the person to whom the original certificate under which the land in controversy was located was issued, notwithstanding the recital in the unconditional certificate and the judgment of the county court on the application for administration, that the grantee in the original certificate had died prior to 1852, and the evidence which shows that plaintiffs' ancestor did not die until 1864. While the language of the statute under which the original certificate was issued is susceptible of the construction contended for by appellees, that in order to perfect his right to the land the immigrant must have resided in Texas for three years after the issuance of the conditional certificate, that such was not the intention of the Legislature in its enactment is shown by a succeeding article of the statute, which provides that the grantee of the conditional certificate when he makes application for the issuance of an unconditional certificate shall only be required to prove that he had been "an actual citizen of the Republic for a term of three years," and has performed the duties required of him as such citizen. Pasch. Dig., arts. 4150, 4178.

We can not accept as sound the proposition advanced by counsel for appellees, and made the basis of the judgment of the lower court, that the finding of the land board of Harris County that the grantee in the original certificate had died prior to the issuance of the unconditional certificate in 1852 is conclusive and can not be questioned in this suit. The case of Davis v. Bargas, 88 Texas, 662, cited by appellees in support of the foregoing proposition, only goes to the extent of holding that a board of land commissioners organized and acting under the statute under which the board that issued the unconditional certificate in this case was acting had the power to inquire into the ques-

tion of the assignment of a conditional certificate and to issue the
unconditional certificate to the assignee, and that the finding of the
board evidenced by the recitals in the unconditional certificate issued
by it that such transfer of the conditional certificate had been made
was evidence of the fact so recited.

We do not understand this decision to hold that the finding of the
land board that the original certificate had been transferred was con-
clusive, but that it was only prima facie evidence of such transfer.
Unless the original grantee, or if he was dead at the time the uncondi-
tional certificate was issued to the assignee, his heirs or legal repre-
sentatives was before the board and an opportunity to be heard, the
judgment of the board that the original certificate had been trans-
ferred could not be conclusive, because no person can be deprived of his
property by proceedings to which he is not a party and of which he
has no notice, actual or constructive. This is a fundamental rule of
our jurisprudence and its disregard would be a clear violation of our
Constitutions, both State and Federal. The judgment of our courts,
which are organized for the purpose of determining the rights of
parties and are supplied with the means of bringing the parties to
a controversy before them, when the subject matter of the suit is within
the jurisdiction of the court, are conclusive upon collateral attack,
the presumption being that the court rendering such judgment had
jurisdiction over the parties whose rights it adjudicated, but no such
presumption can obtain in reference to the decision of a tribunal the
proceedings of which were ordinarily if not invariably ex parte, and
which was not provided by law with the means of bringing parties or
witnesses before it. Snider v. Methvin, 60 Texas, 487; Palmer v.
Curtner, 55 Texas, 65.

The cases of Dick v. Malone, 24 Texas Civ. App., 97, 58 S. W. Rep.,
168; Smith v. Walton, 82 Texas, 547, and Clifton v. Hewitt, 56 S. W.
Rep., 132, decide a different question from the one raised in the present
case. In each of the cases cited the tribunal or official to whom the
State had delegated the power to determine who was entitled to re-
ceive its bounty issued original certificates to the person adjudged by
said tribunal or official to be entitled thereto, and such adjudication
was held to be conclusive as against the claim of the heirs of a person
other than the original grantee that their ancestor was entitled to the
bounty. In none of these cases were vested property rights disturbed
by the adjudication held to be conclusive.

In the instant case, as we have before shown, the finding of the
land board that the original grantee was dead at the time the uncon-
ditional certificate was issued and that his administrator was en-
titled to the certificate, is not a finding that plaintiffs' ancestor was
not the person who was entitled to receive the State's bounty. If, as
found by the trial court, the original certificate was in fact issued to
the ancestor of plaintiffs, the finding by the land board that he was dead
at the time the unconditional certificate was issued would no more

divest him of his title to the land than would the finding of that fact by the county court and the appointment of an administrator of his estate. It seems to be settled that an administration upon the estate of living persons is void. ·Withers v. Patterson, 27 Texas, 497; ,Martin v. Robinson, 67 Texas, 374; Caplen v. Compton, 5 Texas Civ. App., 414; Scott v. McNeal, 154 U. S., 34.

We can conceive of no ground upon which the adjudication of the death of the grantee of a conditional certificate made by a board of land commissioners in passing , upon the application of the administrator of the estate of such grantee for the issuance of an unconditional certificate can be held to be conclusive when such effect is denied a like judgment of the court which appointed such administrator.

Having shown that their ancestor, Samuel W. Upshaw, was the owner of the original certificate under which the land in controversy was located, and the recital in the unconditional certificate, and the issuance of a patent thereon, being sufficient to establish the fact that the original certificate had been approved as genuine by the board appointed for that purpose, and that said Upshaw had complied with the requirements of the law necessary to perfect his right to the land, appellants showed sufficient title to authorize the maintenance of this suit and the recovery of the land. Kimbro v. Hamilton, 28 Texas, 565; Merrill v. Roberts, 64 Texas, 441; Duren v. Railway Co., 86 Texas, 291.

It is unnecessary for us to decide whether the patent was void be-cause issued to the heirs of a living person, appellants' right to a recovery not being dependent upon the validity of the patent.

The trial court further found that the defendant John Warren. had held adverse possession of the land claimed by him for more than five years before the filing of this suit, and had otherwise complied with the statute so as to perfect title in him to said land under the· five years statute of limitation. The evidence shows that Warren fenced about thirty acres of the land and built a small house thereon in the winter of 1894. These improvements remained on the land: for six or seven years. In 1901 the fence was taken down and the wire sold by Warren. It is not shown who occupied the premises during the time the improvements remained thereon, nor the length of time such occupancy continued, nor is there any evidence showing the cultivation or use of the premises for any purpose by Warren or anyone holding under him.

We do not think the evidence was sufficient to show such adverse possession, use and enjoyment of the property by the defendant as would have given title by limitation. Pendleton v. Snyder, 5 Texas Civ. App., 427.

The record shows that the facts were not fully developed upon the issue of limitation raised by the defendant Warren, and upon another trial it can be certainly ascertained whether or not there was such use and occupancy of the premises by him as would entitle him to

hold the land under his plea of limitation. Such being the state of the record, we do not think in view of all the circumstances that judgment should be here rendered against him. Our conclusion is that the judgment of the court below should be reversed and judgment here rendered for appellant for all of the land in controversy except the 240 acres claimed by defendant Warren, and that as to said defendant the cause should be remanded for a new trial on the issue of limitation, and it is accordingly so ordered.

*Reversed and rendered in part; remanded in part.*

Writ of error refused.