E. M. TILLMAN v. TOM PEOPLES ET AL.

Decided February 5, 1902; March 19, 1902.

**1.—Fraud—Discovery—Diligence—Testimony of Party Charged.**

One who seeks to set aside a previous judgment for the fraud of his opponents in pocuring same by concealing the fraud he charged them with in that suit, can not be said to have used proper diligence to discover evidence in that action when he neglected to take the depositions of the adverse parties who must have known of it. There is no presumption that they would have testified falsely as to their own fraud.

**2.—Final Judgment—Party Undisposed of—Entry Nunc Pro Tunc.**

Though a judgment as entered failed to dispose of the case as to one party, though the ruling made intended a disposition of it as to him also, in a subsequent suit in the same court and upon the same issues the proper judgment could be entered nunc pro tunc, and the ˈplea of res judicata sustained thereby.

**3.—Judgment—Setting Aside for Fraud.**

See opinions here expressed as to fraud or perjury in obtaining a judgment as ground for setting it aside in a subsequent action upon their discovery.

Appeal from Milam. Tried below before Hon. J. C. Scott.

*Monta J. Moore* and *L. C. McBride,* for appellant.

*W. T. Hefley* and *Henderson, Streetman & Freeman,* for appellees.

FISHER, CHIEF JUSTICE.—The following statement of the case is taken from the brief of appellees, which we find substantially correct:

On the 11th of October, 1887, appellant E. M. Tillman, by his attorneys, Ford, Ford & Stone, filed suit in the District Court of Milam County, Texas, in an action of trespass to try title against Tom Peoples, Ed. Eaton, and Lyddleton Smith, as defendants, for the title and possession of the land in controversy in this suit, the number of the suit being 2099.

The defendants were all duly cited, and on the 21st of October, 1887, by their attorney, E. L. Antony, filed a general joint answer, consisting of general demurrer, denial, and plea of not guilty. On the 16th of November, 1887, defendant Tom Peoples, by his attorney, E. L. Antony, filed his separate first amended original answer, and among other matters of defense he pleaded his title specially, alleging substantially that on the 21st of September, 1886, his codefendant Eaton, being indebted to him in the sum of $1800, executed his note for that amount, and to secure the payment of the same gave deed of trust to W. C. Ross, trustee, conveying the land in suit with power to sell. That said Ross, by virtue of the terms of said deed of trust, sold said land, and that defendant Peoples had purchased the same, and thereby became the owner in fee simple, and that plaintiff's claim of title was a cloud on defendant's title, and he prayed for its removal, and also for writ of possession against his codefendants, Eaton and Smith.

On the 28th of November, 1887, plaintiff by his said attorney filed

his first supplemental petition in replication to said amended answer of Peoples, and attacked the title pleaded by Peoples for fraud, alleging in substance that "all of the proceedings set out in Peoples' answer showing title in him were false and fraudulent. That Eaton was not indebted to Peoples in any sum, but that plaintiff Tillman was a creditor of Eaton's, and that said proceedings alleged by Peoples were had for the fraudulent purpose of hindering and delaying the creditors of Eaton, and especially Tillman, in the collection of their debts, and were null and void. That Peoples had full knowledge of the fraudulent character of said proceedings and was a party thereto. That plaintiff Tillman had sued Eaton and obtained a judgment against him, and had levied on the land in suit under execution, and he had bought the same at execution sale and had good title thereto."

On the 30th of November, 1887, Tillman filed motion for a continuance of the cause on account of the absence of T. J. Stirman, H. J. Knauff, and Ed. Eaton, who were alleged to be material witnesses for him. The cause was continued on said motion, and plaintiff had leave to amend.

At the April term, 1888 (on the 17th of May, 1888), judgment was duly rendered for defendants against plaintiff for the land and costs. Said judgment was entered on the minutes of the court as a judgment in favor of the defendant Peoples and against plaintiff Tillman and the codefendant Eaton for the land in suit and for cost. The defendant Smith is not mentioned in the entry of the judgment on the minutes, and the judgment as entered makes no formal disposition of the case as to him.

The judge's trial docket shows the following entry in said cause in the handwriting of the judge: "May 17, 1888, judgment for the defendants against plaintiff for land and cost." No further proceedings were had and the cause was dropped from the docket.

On the —— day of April, 1890, W. T. Hefley and A. J. Lewis purchased the land from Peoples without notice of any alleged fraud and for value, and have ever since been in possession of said land, under duly recorded warranty deed, and have paid the taxes thereon. The present suit was filed by plaintiff E. M. Tillman against defendant Peoples in the district Court of Milam County, Texas, on the 16th of December, 1895, and is numbered 2940 on the docket. Peoples was the sole defendant. The action was for damages.

Plaintiff alleged the proceedings in said cause No. 2099, and that a judgment was duly rendered therein in favor of Peoples and against Tillman for the land. That Peoples had obtained the judgment by fraud, and alleging particularly that the title of Peoples relied on in said trial was fraudulent and was for the purpose of hindering and delaying Eaton's creditors. It was alleged that Peoples had, on the —— day of April, 1890, conveyed said land to Hefley and Lewis for value and without notice of the fraudulent character of Peoples' title; Hefley and Lewis were the owners of the land, and that by his convey-

ance to them Peoples had removed the same beyond plaintiff's reach.

That Eaton had died on the —— day of ——, 1890; that the fraud was concealed from plaintiff by said Peoples until the —— day of October, 1894, when by his answer filed in a suit pending in said District Court, styled B. I. Arnold, administrator of Ed. Eaton, v. Tom Peoples, No. 2568, said Peoples admitted that Eaton did not owe him anything, and that the deed of trust was without consideration, and for the purpose of hindering, delaying, and defrauding the creditors of Eaton, and especially plaintiff.

Plaintiff prayed for judgment annulling the judgment in suit No. 2099 and for damages for the value of the property. Peoples was cited, and filed his answer, and on the 6th day of October, 1897, plaintiff filed his amended petition, alleging for the first time that the judgment in cause No. 2099 was not final, because it did not dispose of defendant Smith. This amendment also made B. I. Arnold, administrator of Ed. Eaton, and Lyd. Smith defendants with said Peoples. On April 6, 1899, the third amended petition was filed, making Hefley and Lewis for the first time defendants, and alleging them to be purchasers pendente lite. Smith died and his heirs were made parties defendant. Plaintiff sought to recover the land of all of the defendants, or in the alternative to recover against Peoples for damages.

The cause was tried before the court on the 21st day of May, 1901, upon the plaintiff's fifth amended original petition, filed March 15, 1901, and the supplements thereto, alleging the fraud of Peoples as originally set out at the institution of the suit, and further, that the judgment was not final, because it failed to dispose of defendant Smith, and that Hefley and Lewis were purchasers pending the suit, and prayed for judgment for the land against all of the defendants; or, in the alternative, for judgment against Peoples for the value of the land. The heirs of Eaton and Smith filed general disclaimers.

Defendant Peoples answered by: First.—General demurrer. Second.—Special exceptions setting up (1) res adjudicata; (2) abandonment of cause No. 2099 by plaintiff; (3) one, two, four, five, and ten years limitation. Third.—Special answer setting up one, two, four, five, and ten years limitation. Eighth.—That the matters and things at issue in this cause had been fully presented and adjudicated in said cause No. 2099. Ninth.—That if defendant Smith was not disposed of by the entry of the judgment in cause No. 2099, the failure was a clerical omission, and it was prayed that judgment be amended and entered nunc pro tunc, according to the entry of the judge's docket. Tenth.—That if the judgment in said cause 2099 was not final, that said cause was not a pending suit, but had long since been abandoned and discontinued by the plaintiff.

Defendants Hefley and Lewis answered: First.—Adopting the answer of Peoples so far as the same is applicable. Second.—That they were innocent purchasers. Third.—Five years statute of limitation.

Judgment was rendered for defendants on 21st of May, 1901, amend-

ing the judgment in said cause No. 2099 and entering the same nunc pro tunc, as prayed for by defendants, and further rendering judgment for defendants on the general issues of the suit.

The court upon the trial of the case rendered judgment to the effect that "in this cause the appellant Tillman take nothing in his suit against the defendants Tom Peoples, Hefley, and Lewis, and that defendants go hence without day and recover of the plaintiff Tillman and the sureties on his cost bond all costs of this suit, for which execution may issue;" and also entered a nunc pro tunc judgment in cause No. 2099, styled E. M. Tillman v. Tom Peoples et al., disposing of all the defendants, and making the judgment entered in that cause final as to all of them, and also as to the plaintiff in that suit.

The court found the following conclusions of law and fact:

"(1)  The plaintiff and defendants both claim title to the land in controversy through Ed. Eaton.  The plaintiff E. M. Tillman was a creditor to the amount of something over $200 of the firm of Stirman & Eaton, of which firm Ed. Eaton was a member, and about the 26th day of February, 1887, Tillman sued Stirman & Eaton on said debt in the County Court of Dallas County, Texas, and procured a writ of attachment to issue in said cause and to be levied on February 28, 1887, on the land in controversy as the property of Ed. Eaton, and on May 24, 1887, the County Court of Dallas County, Texas, rendered its judgment in said cause in the plaintiff's favor and against said Stirman & Eaton, jointly and severally, for the sum of $326.85, foreclosing the attachment lien on said land and directing the sale thereof.  On July 6, 1888, an order of sale was issued to the sheriff of Milam County and was duly levied on said property, and the same was duly sold under said order of sale to the plaintiff E. M. Tillman, to whom A. J. Lewis, sheriff of Milam County, made a deed on date of sale, August 2, 1887, which deed was duly acknowledged and filed for record in the office of the county clerk of Milam County, Texas.

"(2)  On September 21, 1886, Ed. Eaton had made a note to defendant Tom Peoples for $1800, due September 21, 1887, and had given his deed of trust on the land in controversy to W. C. Ross, trustee, to secure said note, with power of sale.  Said deed of trust was duly acknowledged and filed for record September 23, 1886, in the office of the county clerk of Milam County, Texas; on November 1, 1887, said trustee sold said land in accordance with the terms of said trust deed to Tom Peoples, for a recited consideration of $500 cash, and on same day made Tom Peoples a trustees deed, which was duly acknowledged and filed for record on same day in the office of the county clerk of Milam County, Texas.

"(3)  On October 11, 1887, E. M. Tillman brought his suit in this court in regular form of trespass to try title for said land, making as defendants Tom Peoples, Lyddleton Smith, and Ed. Eaton; said defendants were duly cited, and on the 21st of October, 1887, they filed their joint answer, consisting of pleas of general denial, demurrer, and

not guilty; said suit is numbered 2099, and styled E. M. Tillman v. Thomas Peoples et al.  On November 16, 1887, defendant Tom Peoples filed his amended answer, pleading specially his title under said note, deed of trust, trustee's sale and deed, and alleging that said note had been given for money justly owing to him by said Eaton, and the deed of trust had been given to secure same, stating that he had bought the land at the trustee's sale for $500, and pleading over against plaintiff and both of his codefendants for the title and possession of the land. To this amended pleading plaintiff replied by supplemental petition filed on November 28, 1887, alleging that said note and deed of trust were without consideration, and that Eaton at the time same were given was indebted to plaintiff as above set forth, which fact was known to Peoples, and that said note and deed of trust were fraudulent devices and contrivances between Peoples and Eaton to hinder, delay, and defraud the creditors of Eaton, and particularly this plaintiff.  That said note was given for a debt which had no existence.

"(4)  The records of said cause show that on November 29, 1887, said cause No. 2099 was continued to the next regular term on motion of the plaintiff, and that plaintiff was given leave to file a first amended original petition, but no amended petition appears among the papers of the cause, and there is no evidence that same was ever filed.

"(5)  A final judgment was entered in said cause No. 2099, of date May 17, 1888, for defendants and against plaintiff for the land and costs. The judgment was attempted to be entered on the civil minutes of said court on said date, and as entered is set out in full in paragraph 6 of the statement of facts.  This is the only judgment which appears of record in said cause.  Said judgment was duly indexed by the clerk of said court, as shown in said paragraph 6 of the statement of facts. After the entry of said judgment, said cause was dropped from the docket of said court and has not since been brought forward.  The cause was not tried upon the evidence, but by consent of the plaintiff judgment was entered as upon evidence.  The judgment was intended to be a final judgment, disposing of all of the issues and all of the parties to the suit.  By mistake, the name of Lyddleton Smith was not carried forward in the judgment as entered, and the entry of the judgment does not show a disposition of said cause as to said Lyddleton Smith; said Smith had no interest in the land, nor in the subject matter of the suit, and it was intended to dispose of said suit, as to said defendant Smith, by judgment in favor of Smith against the plaintiff, and of defendant Peoples against Smith.  There is an entry in said cause in the handwriting of the presiding judge of said court on the docket of said court, as follows: 'May 17, 1888, judgment for defendants against plaintiff, for land and costs.'  The judgment as finally rendered in said cause was in substance the same as that set out in the judgment rendered in this cause, as the judgment nunc pro tunc in said cause No. 2099.

"(6)  On April 10, 1890, defendant Tom Peoples sold the land in

controversy to defendants W. T. Hefly and A. J. Lewis for the sum of $3000, which sum was paid to him by said Hefly and Lewis in cash. Said Peoples made a general warranty deed to them for said land, which deed was duly acknowledged and recorded on same date. Said Hefley and Lewis were innocent purchasers for value and without notice. Ever since their said purchase they have been in the peaceable and adverse possession of said land and have paid all of the taxes thereon.

"(7)   In and during the year 1887, and up to the time of the sale of said Hefley and Lewis, said land was of the reasonable market value of $3500, now of the reasonable market value of $6500.   The reasonable rental value of said land since August, 1887, and up to the present has been $50 per month.

"(8)   Ed. Eaton died in 1890, intestate, and the persons named as such in plaintiff's pleadings in this cause are his sole heirs at law. Lyddleton Smith died in 1900, and the persons named as such in the plaintiff's said pleadings are his sole heirs at law.

"(9)   From my view of the case, it is immaterial whether the note given by Eaton to Peoples, the deed of trust to Ross, trustee's deed to Peoples, were fraudulent and without consideration or not, and were done for the purpose of hindering and delaying and defrauding the plaintiff as a creditor of Eaton, and I therefore do not find the facts upon the above issue.   I find that the judgment in the cause No. 2099 was not procured by the defendant Tom Peoples through fraud.

"(10)   I find that the note of $1800 of Eaton to Peoples, the deed of trust to Ross securing same, the trustee's deed from Ross to Peoples (all of which are referred to in my former conclusions of fact), were each and all fraudulent and without consideration, and done and caused to be done by and between Ed. Eaton and Tom Peoples with intent to hinder, delay, and defraud the plaintiff.   Neither the plaintiff nor his attorneys knew of the fraud until December, 1895, and they exercised all reasonable diligence to discover it.   That about that date the plaintiff had imparted to him the information and knowledge of such fraud, and that same had been admitted by Tom Peoples, and the plaintiff then employed said Moore as his attorney to endeavor to secure relief to the plaintiff from said fraud.

"(11)   I find that the suit mentioned in my findings of fact number 3 as brought by the plaintiff in this court October 11, 1887, in addition to praying for title to said land, also prayed for possession and rents of same, as against all three of the defendants, and alleged ouster on August 5, 1887.   That it was on the day of the filing of said suit that each of the three defendants were cited.

"Conclusions of Law.—(1)   I conclude that said judgment of date May 17, 1888, in cause No. 2099 in this court is a final judgment.

"(2)   I conclude that the matters litigated in said cause No. 2099 are the same sought to be litigated by the plaintiff in this suit and that same are res adjudicata.

"(3)   I conclude that the defendants are entitled to have judgment

heretofore entered in cause No. 2099 amended and corrected as prayed for by them, and entered nunc pro tunc as the judgment in said cause No. 2099."

We adopt all of the conclusions of fact as found by the trial court, except that portion of the facts found in subdivision number 10 of the findings of fact, to the effect that the plaintiff and his attorneys exercised all reasonable diligence to discover the fraud perpetrated upon plaintiff Tillman by Eaton and Peoples; and as to this question, the evidence in the record shows that the appellant and his attorneys in cause No. 2099, in the pleadings, charged that Eaton and Peoples had perpetrated the very act of fraud which the appellant in this action has set up to invalidate the conveyance from Eaton to Peoples, under whom the other appellees in this case hold. The final disposition of cause No. 2099 was by an agreed judgment between the plaintiff and defendants. In that suit the plaintiff offered no proof whatever of the allegations of fraud, notwithstanding it appears from the record that he was in a position to take the testimony of Eaton and Peoples, the parties whom he alleged were guilty of the fraud. It seems from the facts that he was not able to obtain the evidence of fraud from any other source, and he must have known, as a matter of fact, that the parties he charged with perpetrating the fraud must have possessed some knowledge of it. He made no effort to procure the evidence, by deposition or otherwise, of these parties, and it appears from the facts that this could have been done, if plaintiff had desired to do so. If Eaton and Peoples were guilty of the fraud which the plaintiff alleged to be the case, of course they must have possessed knowledge of that fact; and the plaintiff in the exercise of diligence, if he could not obtain his evidence from any other source, should have made an effort to obtain the testimony of these parties, and required them, if possible, to divulge the facts concerning the transaction. Under this state of facts the parties, being his adversaries, would not, in the exercise of diligence, relieve him from resorting to their testimony when the evidence could not have been procured from any other source. There is no presumption of law that they would have testified falsely and committed perjury in order to maintain their title; but upon the contrary, if any presumption exists at all, it would be that they would tell the truth when interrogated concerning the transactions at issue. Consequently, upon this branch of the case, the conclusion must be reached that the plaintiff Tillman did not exercise proper diligence upon the trial of cause No. 2099 to investigate the facts concerning the issue of fraud and have that question submitted and determined in the trial of that cause.

The appellees did not except to the finding of the court relating to this question, but as there appears to be a complete statement of all the facts brought up in the record in this case, we are at liberty in disposing of the case here to scrutinize the facts in order to determine whether the judgment of the trial court can be maintained. In Tudor v. Hodges, 71

Texas, 395, it is held that in order to question the correctness of the con-clusions of fact of the trial court, a bill of exception thereto is not nec-essary, when a statement of the facts is brought up in the record.

The conclusion that we have just reached on the question of diligence relieves us of the necessity of determining under what circumstances a former judgment may be vacated upon the ground of fraud; and of determining whether there is a conflict between the case of McMurray v. McMurray, 67 Texas, 669, and United States v. Throckmorton, 98 United States, 61, and whether the latter case has been overruled by Marshall v. Holmes, 141 United States, 589; for in all of the cases and authorities examined upon this subject it is found that relief will not be extended to a party who seeks to vacate a former judgment where he has failed to exercise diligence in establishing the facts upon which he relies to vacate the judgment, where those facts were in issue in the orig-inal suit.

We agree with the conclusions reached by the trial court in entering the final judgment nunc pro tunc in cause No. 2099, and are of the opinion that the entry upon the judge's docket was sufficient authority for the conclusion reached upon this subject.

The appellant through his attorneys has filed a motion in this court to strike from the brief of appellees certain remarks concerning the attor-neys of appellant with reference to their connection in causing the filing of this suit. The statement made in the brief complained of should not have been made, and we find nothing in the record whatever indicating reprehensible conduct on the part of the attorneys of appellant in caus-ing suit to be instituted and prosecuted in the interest of their client.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

OPINION ON REHEARING.

FISHER, CHIEF JUSTICE.—In subdivision 9 of the findings of fact of the trial court, there is this statement: "I find that the judgment in cause 2099 was not procured by the defendant Tom Peoples through fraud." In the opinion of this court it was stated: "We adopt all of the conclusions of fact as found by the trial court, except that portion of facts found in subdivision No. 10." Then the opinion proceeds to state the facts as found by this court. This statement in the opinion will be corrected so as to embrace a finding to the effect that so much of subdivision 9 of the findings of the trial court as quoted is not sustained by the record. The evidence shows that Tom Peoples, together with Eaton, the creditor of the plaintiff, were both parties to the fraud of Eaton, by causing to be transferred to Peoples the land in controversy, and that the judgment in favor of Peoples in cause No. 2099 was based upon this fraudulent transaction.

As appears from the original opinion filed in this case, this court rested the disposition of this case upon the fact that the evidence did not

show that the plaintiff exercised any diligence to procure the testimony of Eaton and Peoples, in order to establish the fraud complained of in the trial of cause No. 2099. We are still of the opinion that we were correct in this conclusion. Appellant in his motion for rehearing assails this position of the court, principally upon the ground that he was not required to exercise diligence to procure the testimony of Eaton and Peoples, his adversaries, because it could not be supposed that they would have testified adversely to their interest; and that they could not have been compelled to do so, because it would have exposed them to a criminal prosecution.

There is an apparent inconsistency between this contention of appellant and that asserted in his briefs filed in this case. As indicated on page 32 of his brief, and in other portions of it, one of the principal grounds of his complaint urged against the judgment rendered in cause No. 2099 is that Eaton and Peoples concealed from him the fraud perpetrated by them in the execution of the instrument by virtue of which Peoples acquired title. The contention amounts to this: That under the facts and circumstances, it was a fraud on the part of Eaton and Peoples to conceal the vice in the title of Peoples. This necessarily implies that they rested under the duty to appellant to discover and make known to him the facts and circumstances that would invalidate their title; which the appellant contends consisted in the intent of Peoples and Eaton to defraud the appellant and other creditors of Eaton, by executing the conveyance to Peoples, transferring the land in question. If it could be true that the duty rested upon them to voluntarily furnish this information to appellant, they could have been required, as witnesses, to have divulged the facts. The duty in the one case to tell the truth was no greater than in the other, and they could have been compelled to do that which the law would charge them with the duty of voluntarily doing.

Article 2271, Revised Statutes, provides that "either party to a suit may examine the opposing party as a witness, and shall have the same process to compel his attendance as in case of any other witnesses. His examination shall be conducted and his testimony shall be received under the same rules applicable to other witnesses."

Article 2293 is to the effect that either party may examine the opposing party upon interrogatories filed in the cause, and that such examination shall be conducted and his testimony received according to the same rules which apply in the case of other witnesses, subject to the provisions of other articles upon this subject.

Articles 2294 and 2295 provide that the answers to such interrogatories may be taken without the necessity of giving notice of the filing of the interrogatories, and no objection shall be made thereto because they are leading in character.

Article 2296 states that the party, in answer to any question propounded, may state any matter connected with the case pertinent to the

issue to be tried; and provides also, that the adverse party may contradict the answers by other competent testimony, in the same manner as he might contradict the testimony of any other witness.

Article 2297 provides that if the party interrogated refuses to answer, the officer executing the commission shall certify such refusal; and any interrogatory which the party refuses to answer, or which he answers evasively, shall be taken as confessed.

These provisions of the statute provide a ready means by which one party can procure the testimony of his adversary, and they are to the effect that the adversary can be required to testify as to any material fact, except that he may assert his privilege to decline to testify, as any other witness would be entitled to do, where the fact may have a tendency to charge or connect him with the commission of a crime. But the rule is now well settled that where the evidence of a witness will have the effect only of subjecting him to a civil action or pecuniary loss, he will be compelled to testify. 1 Greenl. on Ev., 15 ed., sec. 452. The common law rule, which relieved a party in interest from disclosing facts against his own interest, does not prevail in this State. This is clearly indicated by the provisions of the statute above quoted. The testimony of any party interested in a controversy may be procured like that of any other witness, and as to all pertinent facts he may be required to testify, except, as above stated, where they may have a tendency to criminate him.

That provision of the law that makes the conveyance of a debtor executed in fraud of the rights of his creditors void as to the latter, has not been carried into the criminal statutes of this State. We have no criminal statute in this State making conduct of the character complained of in executing the fraudulent conveyance a crime.

If Peoples and Eaton had been forced to testify, and had told the truth, the effect of their evidence would have been simply to subject them to a pecuniary loss. If their evidence had been procured, and they had testified falsely, the plaintiff would have had a much better standing in the case before us now, and would have had good grounds to set aside the judgment rendered in cause No. 2099. If Peoples and Eaton, when subjected to examination, in response to questions calling for the truth concerning the transaction inquired about, had by their testimony negatived and disproved the existence of fraud in the transaction complained of, and their testimony in this respect had been false and afterwards discovered to be so, we are inclined to the opinion that a court of equity would set aside the judgment procured by such false testimony. It is no reply to the diligence required by law in procuring testimony of witnesses whose evidence might be material in a case, whether they be parties or not, to say that the plaintiff apprehends that they will testify falsely concerning the facts desired to be proven; consequently, he should be relieved from the necessity of an effort to procure such testimony. There is no presumption that Peoples and Eaton, if

directly interrogated concerning the transaction, would have testified falsely. It is more likely that they would have preferred to expose their fraud than to commit perjury, and run the risk of a criminal prosecution for that crime.

*Motion overruled.*