## H. W. MEISNER v. L. H. TAYLOR.

### Decided May 26, 1909.

**1.—Trustee's Sale—Notice—Delegation of Power.**

The power given by a trust deed to the trustee to sell land in default of payment of the indebtedness secured, on posting notice at the court house door and at two other public places in the county, involved an element of discretion as to the selection of such public places which the trustee could not delegate to another by giving the notices to the sheriff of the county to be posted at such public places.

**2.—Trustee's Deed—Recitals—Evidence.**

A provision in a trust deed that the recitals by the trustee in his deed to the purchaser at a sale in pursuance of the power conferred shall be prima facie evidence of all matters recited therein as to the advertisement of sale, relates to the acts of the trustee, and not to the acts of some third party; and where it was shown that the trustee did not himself post the notices of sale at two public places in the county as required by the deed, but delivered them to the sheriff of the county to be so posted, the recital in his deed that notice of sale was given in accordance with the terms of the deed is not evidence

of such notice, and in the absence of proof that such notices were in fact posted as required, his deed did not convey title.

### 3.—Cross Assignment of Error—Exception to Ruling.

Though an appellee may, by cross-assignment of error, have rulings of the trial court adverse to his interests reviewed, it is necessary that the record show that he reserved proper exception to such ruling in the trial court, where exception was necessary.

Error from the District Court of Brown County.  Tried below before Hon. John W. Goodwin.

*W. S. Banks,* for plaintiff in error.—The law did not, at the time of the execution of the deed of trust in question, or the sale of the premises thereunder, or at the time of trial, provide any method by which notices of trustee's sale should be given, but left that as a matter of contract between the parties.  Acts of Legislature of 1903, p. 104; Swain v. Mitchell, 66 S. W., 62; 27 Texas Civ. App., 62; Marston v. Yates, 66 S. W., 868; Fisher v. Simon, 95 Texas, 444; Georgi v. Juergen, 66 S. W., 873.

The deed of trust providing for posting of notices in three public places in Brown County, one of which should be at the courthouse door, for twenty days prior to the sale, and having provided that the recitals in the deed made by the trustee should be prima facie proof of the matters therein recited, and the deed reciting that the trustee had posted notices of such sale in three public places in said Brown County, one of which was at the courthouse door of said Brown County, for twenty days prior to said day of sale, and the proof being that one notice was posted at the courthouse door, and there being no proof as to whether the other two notices were posted or not posted, it was prima facie true that they were properly posted, as required by the terms of the deed of trust, and the court erred in holding that they were not.  Jesson v. Texas L. & L. Co., 3 Texas Civ. App., 25; Allen v. Courtney, 24 Texas Civ. App., 86; Swain v. Mitchell, 66 S. W., 61; 27 Texas Civ. App., 62; Western U. Tel. Co. v. Hearne, 40 S. W., 50.

*Arch Grinnan,* for defendant in error.—The deed of trust requires the trustee to advertise the time and terms of sale by posting three written or printed notices thereof for twenty days successively next before the day of sale, one of which notices shall be at the courthouse door of Brown County and the other two at public places in said county.  The deed of trust also provides that recitations in the deed to the purchaser at such sale shall be prima facie evidence of all matters recited therein as to default in payment of the note, the request to sell, the advertisement of sale, etc.  Under these conditions, where the deed to the purchaser recites that the trustee posted notices of sale in accordance with said deed of trust, and there is no proof to the contrary, it will be presumed that he did his duty and posted said notices as the deed of trust required.  But this presumption obtains only in the absence of proof to the contrary, and when the proof shows that he did not post said notices, but placed them in the hands of the sheriff to post up, there being no obligation on the part of said officer to

post them, and there being no proof that said officer did post them, the court could not presume that said notices were posted as required by said deed of trust. James v. State, 21 Texas Crim. App., 189.

FISHER, CHIEF JUSTICE.—*Statement of the nature and result of suit and findings of fact and conclusions of law of the trial court.*— Defendant in error Taylor instituted this suit in the District Court of Brown County to recover of H. W. Meisner, L. F. Cowan, R. R. White and James M. Young, who were alleged to be copartners under the firm name of J. C. Murphy & Co., and T. B. Ketterson, the land in controversy; alleging also the execution of a deed of trust by Taylor to Ketterson, as trustee, and the foreclosure and sale of the land by the trustee to Meisner, alleging want of consideration for the giving of the notes secured by the deed of trust; that the real consideration was a gambling contract dealing in futures, without any intent to deliver any of the products or commodities mentioned, and asking for the cancellation of the deed of trust and removal of the same as a cloud upon the plaintiff's title.

Ketterson answered alleging that he was trustee, that he performed his duties as such, and after default sold the land under the trust deed to H. W. Meisner, and disclaimed any interest in or title to the property.

The other defendants answered by general denial and pleas of not guilty. Trial was had before the court without a jury and judgment rendered in favor of plaintiff Taylor for the lands and premises in controversy, describing the same as fully set out in the judgment, and awarding a writ of possession, and further ordered that the judgment is without prejudice to any rights, if any, the plaintiff may have to have the deed of trust and notes held by defendants against the above-described land canceled for want of or illegality of consideration; said questions, so recites the judgment, are raised but are not passed on by the court.

The findings of fact and conclusions of law are as follows:

"1. That on June 15, 1905, plaintiff was the owner by fee simple title of the land described in his petition, and was then and has been continuously since in the actual exclusive possession thereof.

"2. Defendants named in plaintiff's petition are partners as alleged by plaintiff, doing business under the firm name of J. C. Murphey & Co., and were such partners on June 15, 1905.

"3. That the business of J. C. Murphy & Co. was that of cotton brokers; that is, they received and executed through their agents orders for the purchase and sale of cotton futures.

"4. That on June 15, 1905, they, to enable the plaintiff to purchase and sell cotton futures through them, gave the plaintiff a credit on their books for $1,700, which sum plaintiff was to use in the purchase and sale of cotton futures through the defendants, and the plaintiff to secure the defendants in the payment of said sum gave them his note for the sum of $1,700, dated June 15, 1905, and at the same time and for the purpose of securing said note plaintiff gave a deed of trust to T. B. Ketterson, trustee, on the land described in plaintiff's petition.

"5. The deed of trust was in the usual form and provides that, in event of failure to pay the note when due, the trustee named therein should, at request of J. C. Murphey & Co. or other owners of the note, sell the land at the courthouse door in Brown County, Texas, between the hours of 10 a. m. and 4 o'clock p. m. on the first Tuesday in the month, after first having advertised the time and terms of sale by posting three written or printed notices thereof twenty days successively next before the day of sale, one of which notices should be at the courthouse door of. Brown County, Texas, and the other two at public places in said county. The deed of trust also provides that the recitation in the deed to the purchaser at such sale shall be prima facie evidence of all matters recited therein as to default in payment of note, the request to sell, the advertisement of sale, the proceedings at sale and of everything necessary to the validity of the sale.

"6. T. B. Ketterson, at the request of J. C. Murphy & Co., sold the land as trustee under the power contained in the deed of trust to H. W. Meisner for $600, on the first Tuesday in June, 1906, and executed to said purchaser a deed to the land, which deed recites default in payment of the note; the request of J. C. Murphy & Co. to the trustee to make the sale or enforce the deed of trust by sale of land; the posting of notices of sale at three public places in Brown County, Texas, one of which was at the courthouse door, for more than twenty days successively next before the day of sale, and the sale of the land on the first Tuesday in June, 1906, to H. W. Meisner for the sum of $600.

"7. That prior to the credit given by Murphy & Co. plaintiff had been engaged in purchasing and selling through defendants cotton futures, and this credit was given him for the purpose of enabling plaintiff to continue in the business. That plaintiff was engaged in strictly gaming contracts, and it was not his purpose or intention in buying and selling cotton futures to either receive or deliver cotton, and he did not receive or deliver any cotton on contracts, and J. C. Murphy & Co. knew that fact at the time they gave him the credit of $1,700, and at the times of the various transactions by plaintiff in which he exhausted said deposit or credit.

"8. That H. W. Meisner, the purchaser of said land at the trustees' sale, was a member of the firm of J. C. Murphy & Co., and at the same time knew all the facts above found.

"9. That T. B. Ketterson, after maturity of the note, plaintiff having failed to pay the same, at the request of J. C. Murphy & Co. sold the land in controversy under the power in the deed of trust on the first Tuesday in June, 1906, at the courthouse door of Brown County, Texas, between the hours of 10 o'clock a. m. and 4 o'clock p. m.

"10. That T. B. Ketterson, trustee named in the deed of trust, posted one notice of sale under the deed of trust at the courthouse door of Brown County, Texas, in the manner and from the time required by the deed of trust, and at the same time delivered to the sheriff of Brown County, Texas, the other two notices required by the deed of trust and requested him to post the same, but whether they were ever posted or not the evidence does not show, but it does show that Ketterson posted but the one notice of sale.

"11.  The plaintiff never received any notice of the sale of the land under the deed of trust and had no actual notice of the sale.

"12.  That the plaintiff is now the owner in fee of the land in controversy, unless he has lost his title by reason of the aforesaid sale under the deed of trust and the purchase thereof by H. W. Meisner.

*"Conclusions of law.*—1.  That plaintiff is the owner in fee of the land and premises sued for and is entitled to recover the same.

"2.  That the sale under the deed of trust conveyed no title as notice of the sale was not given as required by the deed of trust or the law, the evidence showing that but one notice was posted by the trustee and there being no evidence that the sheriff posted the other notices.

"3.  If the sale by the trustee was regular, and would otherwise have passed the title, the consideration for the note and deed of trust being illegal and against .public policy and the contract being executory, in that plaintiff never parted with his possession of the land, he is entitled to recover it.

"4.  If the sale by the trustee passed title, and if the contract was an executed contract, still plaintiff is entitled to recover the land because the consideration for the note and deed of trust was illegal, against public policy, and as to defendants (but not as to plaintiff) against the penal laws of the State.  Such being the facts, plaintiff was not equally in the wrong with defendants, and should therefore recover his land."

*Opinion.*—It appears from the findings of fact that the trustee posted only one of the notices of sale and entrusted the other two required by the deed of trust to be posted to the sheriff.  Whether they were posted or not is not shown, but there is an express finding to the effect that the trustee posted only one notice.  It is settled in Clark v. Burke, 39 S. W., 306, and other cases to the same effect, that a sale made without the notice required in the trust deed is nugatory; and, unless we can give application to that provision in the deed of trust that makes the recitals in the deed executed by the trustee that the prerequisites to the exercise of the power of sale have been complied with prima facie evidence of that fact, the conclusion reached by the trial court must be held correct, and the judgment entered by the court should be affirmed.

There is no statement of facts in the record, and all we have to look to are the findings of the court.  There it is ascertained that three notices of sale were required, and they should be posted, one upon the courthouse door and the other two at two public places in the county.  The services here required were not altogether ministerial, but involved some element of discretion.  There might not have been any doubt as to where was located the courthouse door, and the posting at that place could be readily performed, but as to the other public places in the county, they were not specifically pointed out, and while it is true such places could be readily ascertained, it was not contemplated that the selection and determination of such places for posting should be left to the judgment of some one else other than the

trustee. All those things that were essential and that were required to be done prior to sale, and the sale itself and the execution of the conveyance thereunder, were personal duties imposed upon the trustee, and he had no power, so far as shown by the terms of the instrument in question, to delegate his authority to some one else. That provision in the deed of trust that gives to a recital contained in the deed executed by the trustee the effect of prima facie evidence that all the essential steps have been taken, relates to the acts of the trustee and not to the acts of some third party, whom the parties to the instrument have not selected or charged with the performance of any duty, and who rests under no obligation to either of them. The parties did not select or agree upon the sheriff to post the notices of sale, but it appears from the recitals contained in the deed of trust that the performance of this duty was expected of the trustee. The provisions of the instrument only gave a prima facie effect to his acts, and they ought not to be extended so as to include the acts of some one else. In the absence of such a provision in the deed of trust it would have been necessary for the party asserting title under the instrument to have shown that the notices were posted. This provision was inserted to dispense with that requirement. If the trustee could delegate his authority in this instance to the sheriff to post the notices, it would be just as reasonable to dispense with any other of the essential requirements of the deed of trust in imposing the duties upon the trustee. He would have as much right in one instance to delegate his authority to some third party as he would in another.

Appellee has in his brief a cross-assignment of error to the effect that the court erred in not rendering judgment in his favor canceling the notes and the deed of trust in question. By reference to the judgment it will be seen that the court found in favor of the plaintiff for the land, but declined to find upon the questions embraced in this cross-assignment and left them open to further litigation. The rule is well settled in this State, subject to some qualifications, that the appellee can raise questions for determination by cross-assignments of error, based solely upon the appeal of his adversary. Woeltz v. Woeltz, 93 Texas, 549. But this privilege does not dispense with the requirement that he take such steps in the trial court as are necessary to any litigant in order to preserve the questions for consideration on appeal. Article 1333, as amended in 1899, p. 190, requires that in judgments rendered by the trial court without aid of a jury, there shall be noted on the record in the judgment entry that the party dissatisfied excepts thereto; and it is held in Jamison v. Alvarado Compress & W. Co., 45 Texas Civ. App., 263, that there should be either an exception to the finding or the judgment in order for the defendant in error to be heard to complain of the same by cross-assignment on appeal. We have examined the record, and we have not been able to find that the defendant in error either excepted to the findings of the trial court or to the judgment entered. Therefore, he is not in a position to have his cross-assignment passed upon.

*Judgment affirmed.*