## W. L. MOODY COTTON CO. v. HEARD et al. (No. 2610.)

(Court of Civil Appeals of Texas. Texarkana. June 29, 1922.)

**1. Confusion of goods ⊛13—Evidence held to support for purpose of distribution finding as to ownership of cotton damaged by fire and sold.**

In a suit by the owner of a cotton yard against owners of cotton stored therein to sequester the proceeds of cotton which had been damaged by fire and whose ownership was in question, evidence *held* sufficient to support findings.

**2. Appeal and error ⊛747(3), 878(1)—Cross-assignments of error of party not excepting to judgment not considered on appeal.**

Cross-assignments of error of a party who did not except to a judgment, and who did not file his assignments in the trial court as required by Rule 101 (159 S. W. xi) for the government of district and county courts, will not be considered on appeal.

Appeal from District Court, Morris County; R. T. Wilkinson, Judge.

Suit by J. P. Bedell against C. E. Heard and others to distribute among parties entitled thereto proceeds of certain cotton injured by fire and sold by plaintiff, in which the W. L. Moody Cotton Company and others intervened. From a judgment as to the ownership of certain funds, the intervener,

the W. L. Moody Cotton Company, appeals. Affirmed.

Appellee J. P. Bedell operated a cotton yard in Naples, in which 1,000 or more bales of cotton were stored. Bedell himself owned 4 of the number; and the others were owned, 1 or more each, by various persons. April 1, 1919, 277 of the bales were totally destroyed by fire of unknown origin, and 66 of the bales were damaged by the fire. During the fire appellees C. E. Heard, A. G. Heard, John Fisher, and Otis Tarlton hauled 32 of the bales, then burning, to a pond of water, into which they threw same. C. E. Heard claimed that 6 of the 32 bales thrown in the pond was cotton he stored in the yard, A. G. Heard claimed 3, Tarlton claimed 2, and Fisher claimed 2; and after the fire each took possession of the number he claimed. The 19 bales remaining of the number thrown into the pond, with 34 other damaged bales, were turned over to appellee Underwriters Salvage Company "to be reconditioned and sold for the account of the persons interested therein." That company, after reconditioning the 53 bales, sold same for $3,824. Bedell by writs of sequestration obtained possession of the 13 bales the Heards, Tarlton, and Fisher had taken from the pond, and after reconditioning sold same for $1,696.90. This suit was brought by Bedell against the other appellees named above and various other parties who respectively owned parts of the 277 bales destroyed or 66 bales damaged. The purpose of the suit was to have the court determine the right of the Heards and Tarlton and Fisher to the 13 bales they took from the pond, and to partition and distribute among the parties entitled thereto and proceeds of the sales made by the salvage company and Bedell of the cotton they respectively reconditioned. The suits by Bedell, in which the writs of sequestration against the Heards, Tarlton, and Fisher referred to were issued, were consolidated with this suit. Appellant, certain insurance companies, and other parties intervened, claiming an interest in the funds to be distributed. The trial was to the court without a jury. It appears from recitals in the judgment that the court found that 6 of the 32 bales the Heards, Tarlton, and Fisher hauled to the pond were the identical bales C. E. Heard stored in the yard, that 3 of them were the identical bales A. G. Heard stored therein, that 2 of them were the identical bales Tarlton stored therein, and that 2 of them were the identical bales Fisher stored therein. It was on this finding that the court rendered judgment partitioning the $1,696.90 (after deducting therefrom $26 which he awarded to Bedell as the amount of expense he incurred in reconditioning and selling the 13 bales) among the Heards, Tarlton, and Fisher. It further appears

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from the judgment that the court found that there was no way by which the ownership of 330 of the 343 bales destroyed or damaged could be determined. It was on this finding that he rendered judgment partitioning the $3,824 for which the salvage company sold the 53 bales it reconditioned (after deducting certain expenses, court costs, etc.) among the owners of said 330 bales and the insurance companies which had issued policies of insurance thereon. The appeal was prosecuted by the W. L. Moody Cotton Company alone.

Keeney & Dalby, of Texarkana, for appellant.

Henderson & Bolin and French & Price, all of Dangerfield, and Thompson, Knight, Baker & Harris, of Dallas, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] Appellant complains of the judgment only so far as it was in favor of appellees C. E. Heard, A. G. Heard, Otis Tarlton, and John Fisher for the proceeds of the sale by Bedell of the 13 damaged bales they took from the pond after the fire. The contention with reference to that part of the judgment is that the testimony did not warrant the finding that the 13 bales were bales the parties mentioned stored in the yard. The testimony in that respect was far from being conclusive, but we are not prepared to say it was not lacking in probative force as to furnish no support for the finding. The cotton yard consisted of about two acres of land. Most of the cotton was stored in a warehouse in the yard, but 343 bales, including those in controversy, were placed in rows in the open part of the yard. The fires had spread over practically all the 343 bales, burning off marks of identification thereon, at the time the parties named moved the 32 bales to the pond. The evidence relied on to identify cotton said appellees moved to the pond as cotton they stored in the yard consisted almost entirely of testimony that each of said appellees knew the particular place in the yard where his cotton was stored when it was weighed, and that each moved the number of bales he claimed from that particular place to the pond. In addition to testimony of that kind, it was shown that 1 of the 2 bales appellee Fisher stored in the yard was larger at one end than at the other, due to the fact that a tie had fallen off of it, and that 1 of the 2 bales he moved to the pond was without one of its ties and was larger at one end than at the other; and it was shown that appellee C. E. Heard had 7 bales of cotton stored in the yard at the place from which he moved the 6 in controversy, that he moved 7 from that place to the pond, and after the fire was able to satisfactorily identify by marks still on it 1 of the 32 bales in the pond as his cotton.

Bedell testified that the cotton in the open yard was moved from time to time, "to get it out of wet places," after it was weighed and stored. Of course, if the cotton was so moved, the testimony on behalf of appellees named that each moved cotton to the pond from the identical place where his cotton was stored in the yard after it was weighed possessed very little, if any, probative force. But the weight to be given Bedell's testimony was for the trial court. The circumstances mentioned above strongly tended to identify the cotton appellees Fisher and C. E. Heard moved from the places where their cotton was stored when weighed as cotton they owned, and to show that all the cotton in the open yard had not been moved from places where it was stored when weighed.

[2] In cross-assignments appellee Bedell complains of the judgment in respects not necessary to specify, as the assignments cannot be considered, because it does not appear from the record that Bedell excepted to the judgment, nor does it appear that his cross-assignments were filed in the court below as required by Rule 101 (159 S. W. xi) for the government of district and county courts. Bridgewater v. Hooks (Tex. Civ. App.) 159 S. W. 1004; Ry. Co. v. Cheek (Tex. Civ. App.) 159 S. W. 427.

The judgment is affirmed.