**HARDWICKE et ux. v. TRINITY UNI-VERSAL INS. CO. et al.**
No. 1482.

Court of Civil Appeals of Texas. Eastland.
Sept. 20, 1935.

On Rehearing Nov. 1, 1935.

Rehearing Denied Dec. 6, 1935.

Webb & Webb, of Sherman, for appellants.

Burgess, Chrestman & Brundidge, of Dallas, for appellees.

FUNDERBURK, Justice.

In this suit C. G. Hardwicke, joined by his wife, sought recovery against Trinity Universal Insurance Company

and Universal Automobile Insurance Company for reimbursement for certain expenditures made by him at the alleged request of the defendants upon their alleged agreement and promise to repay the amount thereof. Hardwicke held a policy of insurance issued by the defendants insuring against certain personal liability and property damage in the operation of an automobile—$25,000 for personal liability and $5,000 for property damage. Dr. D. C. Enloe held a like policy with the defendants, except that the personal liability was for $5,000 and property damage $5,000. On or about January 31, 1932, there was a collision between the two cars resulting in injury to Mrs. Hardwicke and to plaintiffs' car. According to the findings of the trial judge, before whom the case was tried without a jury, the facts were: That the adjuster for the defendants soon after the collision acknowledged defendants' liability under the policy of Enloe; declared that the company would pay the plaintiffs; that he thereupon took charge of the automobile belonging to plaintiffs and sent same to Dallas for repairs; that he was in constant touch with the doctors, hospitals, the druggist furnishing the drugs, and with the plaintiff Hardwicke, and directed the latter to keep account of the expenses, to pay same, and promised that the amount so paid would be repaid to plaintiff, and that in all of which the adjuster was acting within the scope of his authority.

It was further found that the expenses incurred, accrued, and paid by Hardwicke in pursuance of such agreement amounted to a total sum of $4,083.-52, which the plaintiff paid. Under the heading of "Conclusions of Law" following the above findings (with others deemed immaterial) is the following: "The court concludes as a matter of law that under the above facts there was no consideration shown for the agreement made, and hence neither of the defendants is liable." Judgment was entered in accordance with such conclusion in favor of the defendants from which the plaintiffs have appealed.

We think the conclusion of the trial court was incorrect. The findings of fact themselves show a consideration for the promises of the defendants to repay to Hardwicke the items of expense sought to be recovered. The acceptance of an offer necessary to the formation of a contract may be an act or series of acts. Mr. Williston says it is not true, and never has been true as a general proposition that, where an offeror requests an act in return for his promise and the act is performed that notice to the offeror of the performance is necessary to create a contract. "The performance of the act requested furnishes consideration for the offeror's promise, and is also an overt manifestation of assent." 1 Williston on Contracts, p. 117, § 68. It may be granted that had the plaintiff Hardwicke incurred the expenses in question for himself and paid same for himself, the promise of the defendants to reimburse him would have required something else as a consideration. Such was not the case. According to the findings of the trial judge, defendants acknowledged their liability for the payment of damages which would cover and include certain expenses. The offer to Hardwicke was that if he would incur the expenses, keep account of them, and pay them, that the amount thereof would be repaid to him. Defendants were interested in Mrs. Hardwicke's receiving good medical attention and nursing, since their possible liability to Enloe might as to the amount thereof be greatly affected thereby. The legal effect of the findings seems to us to be that in order to serve a supposed advantage to themselves the defendants assumed primary liability for the amount of such expenses as would insure that Mrs. Hardwicke received good medical attention and nursing. The promise, therefore, to Hardwicke to repay the amount of expense bills, to him was, in effect, a promise to reimburse him for the payment of defendants' own expenses. The situation is no different as we see it, than it would have been if the defendants had asked some other party to keep account of the expenses and pay them upon their promise of reimbursement. If one primarily liable makes an offer to one secondarily liable to the effect that if the latter will pay the obligation in the first instance the former will repay it to him, can there be any doubt that the very terms of the offer considered with the fact of payment shows the existence of a valid consideration? We think not, and we believe that the rule applicable here is no different. The

502

court's findings therefore, we think, required judgment for the plaintiffs.

Appellees insist, among other things, that there was no evidence to show that the adjuster was authorized to make the agreement. Appellees did not except to the judgment of the court below, nor to the conclusions of fact and law, nor does their brief contain any cross-assignments of error. Under these circumstances, are we authorized to consider whether the evidence supported the findings of fact of the trial judge? After careful consideration in which we have found it necessary to choose between conflicting decisions as authority it is our opinion that the weight of authority sustains the proposition that where an appellant, or plaintiff in error, seeks revision of a judgment with reference to the findings of fact and conclusions of law duly made and filed by the judge, the appellee, or defendant-in-error, cannot, in the absence of exception having been taken to such conclusions or to the judgment of the court, urge in support of the judgment that the findings of fact were without evidence to support them. Many of the decisions directly so hold, and many more clearly imply that such exception is necessary. Continental Ins. Co. v. Milliken, 64 Tex. 46; Drake v. Davidson, 28 Tex.Civ.App. 184, 66 S.W. 889; Buster v. Warren, 35 Tex.Civ.App. 644, 80 S.W.1063; Meisner v. Taylor, 56 Tex. Civ.App. 187, 120 S.W. 1014; Henderson v. Odessa Building & Finance Co. (Tex.Com.App.) 27 S.W.(2d) 144; Whitis v. Penry (Tex.Civ.App.) 41 S.W.(2d) 736; Bridgewater v. Hooks (Tex.Civ. App.) 159 S.W. 1004; Commonwealth Ins. Co. v. Finegold (Tex.Civ.App.) 183 S.W. 833; Smith v. Ernest, 46 Tex.Civ. App. 247, 102 S.W. 129; Gibbs v. Eastham (Tex.Civ.App.) 143 S.W. 323; Levy v. Engle Bros. Co. (Tex.Civ.App.) 192 S.W. 548; Jamison v. Alvarado Compress & Warehouse Co., 45 Tex.Civ.App. 263, 99 S.W. 1053; McKee v. Price, 3 Willson, Civ.Cas.Ct.App. § 335; Biggerstaff v. Murphy (Tex.Civ.App.) 21 S.W. 773; Id., 3 Tex.Civ.App. 363, 22 S.W. 768; Travelers' Ins. Co. v. Washington (Tex. Civ.App.) 5 S.W.(2d) 783; Compania Bancaria y de Inversiones v. Border Nat. Bank (Tex.Civ.App.) 265 S.W. 599; First Nat. Bank v. South Beaumont Land & Improvement Co., 60 Tex.Civ.App. 315, 128 S.W. 436.

Tudor v. Hodges, 71 Tex. 392, 9 S. W. 443, 444, has a number of times been cited as authority for the proposition that the above rule has no application when a statement of facts, as is the case here, accompanies the record. See Connellee v. Roberts, 1 Tex.Civ.App. 363, 23 S.W. 187; Byrd v. Perry, 7 Tex.Civ.App. 378, 26 S.W. 749; Gillespie v. Crawford (Tex.Civ.App.) 42 S.W. 621; Moore v. Blagge (Tex.Civ.App.) 34 S. W. 311; Tillman v. Peoples, 28 Tex. Civ.App. 233, 67 S.W. 201; Hahl v. Kellogg, 42 Tex.Civ.App. 636, 94 S. W. 389; Savage v. Umphries (Tex.Civ. App.) 118 S.W. 893; Lieber v. Nicholson (Tex.Com.App.) 206 S.W. 512; O'Neil v. O'Neil (Tex.Civ.App.) 77 S.W.(2d) 554. The last-cited case was by this court, and the holding upon the point is now believed to have been error and will be overruled. In addition to the decisions more directly supporting the proposition that such exception is necessary are the following which imply such necessity: Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S.W. 593; Voight v. Mackle, 71 Tex. 78, 8 S. W. 623; Temple Hill Development Co. v. Lindholm (Tex.Com.App.) 231 S.W. 321; Reed v. Murphy (Tex.Civ.App.) 276 S.W. 951; Edwards v. Youngblood (Tex.Civ.App.) 160 S.W. 288; Arlington Heights Realty Co. v. Citizens' Ry. & Light Co. (Tex.Civ.App.) 160 S.W. 1109; De Bruin v. Santo Domingo Land & Irrigation Co. (Tex.Civ.App.) 194 S.W. 654; Cornelius v. Harris (Tex.Civ.App.) 163 S.W. 346; Supreme Ruling, etc., v. Ericson (Tex.Civ.App.) 131 S.W. 92; Bond v. Garrison, 59 Tex.Civ.App. 620, 127 S.W. 839; Smith v. Abadie (Tex. Civ.App.) 67 S.W. 1077; Brenton & McKay v. Peck, 39 Tex.Civ.App. 224, 87 S.W. 898; Wilkins v. Burns (Tex. Civ.App.) 25 S.W. 431.

In Tudor v. Hodges, supra, it was stated that the rule declared in Continental Ins. Co. v. Milliken, supra, "does not apply in a case like this, but only in cases where no statement of facts nor bills of exception are filed." (Italics ours.) Therefore, the case does not hold that exceptions are not necessary if there be a statement of facts. The action of the Supreme Court in refus-

ing writs of error subsequently to the decision in Tudor v. Hodges, supra, in cases such as Drake v. Davidson, and Buster v. Warren, supra, wherein it had been declared mandatory, even where there were statements of facts, that either the conclusions of fact and law, or the judgment be excepted to, leads us to conclude that that line of authorities should be regarded as correctly declaring the law.

Even if the judgment or the conclusions of fact and law had been excepted to, or it should be held to be unnecessary to except, we think that for appellees to challenge the existence of evidence to support the findings it would be necessary to urge cross-assignments of error. As we had occasion to hold in Panhandle & S. F. Ry. Co. v. Burt, 71 S.W.(2d) 390, one of the functions of assignments of error is to waive all other errors not assigned except fundamental errors. No assignment of error in this case challenges the sufficiency or existence of evidence to support the findings of the trial judge. If there was no such evidence, the error in the finding was not fundamental error which this court is authorized to consider in the absence of an assignment. Its consideration would involve the reading of the entire statement of facts, that being one of the most conclusive tests as to whether or not an alleged error be fundamental.

Since the findings of the court below were in all things sufficient to enable the court to render judgment for the plaintiff and would have required such judgment but for the erroneous conclusion regarding consideration, it is our opinion that the judgment of the court below should be reversed, and judgment here rendered for the plaintiffs for the sum of $4,083.52, and it is accordingly so ordered.

## On Rehearing.

Appellees in their motion for rehearing ably contend that we have erred in many different respects in our disposition of this appeal. The argument upon most of the points made leaves us unconvinced.

■ Whatever would have been the effect of the judgment in the suit by the Hardwickes against Dr. Enloe as concluding a controversy between the appellants and appellees herein, had appellee Universal Automobile Insurance Company never been sought to be held as a party in that suit, we think certainly the contention cannot be sound that after the insurance company successfully urged a plea in abatement and had itself dismissed from that suit the judgment nevertheless had the same conclusive effect upon the controversy in this case as if it had remained a party to that suit. The necessary effect of the judgment of the court sustaining the plea in abatement was to determine that said insurance company was neither a proper nor a necessary party to the suit. Then we fail to see how it can plausibly be contended that the very issues sought to be determined between the appellants and appellees in this suit were foreclosed in that suit.

■ Regarding the necessity that appellees except to the conclusions of fact (or to the judgment as the legal equivalent thereof), in order to entitle them to complain of the want of evidence to support some of the findings, we can add but little to what was said in our original opinion. In so far as the appellants made any attack upon the proceedings incident to the rendition of the judgment below, there was no necessity for any statement of facts. The only attack made by appellants upon the judgment was to the effect that the conclusion of the trial judge that there was no consideration for the agreement was not the conclusion required by the findings of fact but just the contrary, and that therefore the only conclusion and judgment which the findings of fact supported was that there was a consideration and the judgment should have been for the appellant. No recourse to a statement of facts was necessary to pass upon the only contention made by appellants.

■ This court has no jurisdiction to determine the existence of errors in the proceedings incident to a judgment appealed from save as such jurisdiction be invoked by the presence in the record of fundamental error, or in the briefs, of assignments of error. It is only one of the functions of assignments of error to designate the actions, rulings, or other parts of the proceedings in a suit as to which it is the purpose of a party to contend in the appellate court that there was error. It is no less certainly

another function of assignments of error, or at any rate a result of assignments of error, to legally waive any and all errors, not fundamental, in any other action, ruling, or part of the proceedings not specified in the assignments of error. Panhandle & S. F. Ry. Co. v. Burt (Tex.Civ.App.) 71 S.W.(2d) 390. No assignment of error urged by the appellants herein invoked our jurisdiction to determine the nonexistence of evidence, or the insufficiency of evidence, to support any of the findings of the trial judge. If there was any such want or insufficiency of evidence, the finding was not fundamental error, since that question could only be determined by a reading of the statement of facts. If, then, our jurisdiction be limited to the consideration of errors assigned and fundamental errors, was it necessary under the circumstances detailed that appellees (appellants not having done so) present cross-assignments of error invoking our jurisdiction to inquire into and determine such questions? Our holding is that there were two essentials, neither of which is present in this case, namely, one that the findings of fact be excepted to; and, second, that cross-assignments of error be set out in the appellee's brief. The evident purpose of such exception is to notify the adverse party of some dissatisfaction with the judgment or the findings upon which the judgment was predicated. Formerly the means of conveying such knowledge to an appellant were, first, the exception to the judgment or findings; and, second, the filing in the trial court of cross-assignments of error. The adequacy of such means has been somewhat impaired by later statutory changes dispensing with the filing of cross-assignments of error in the trial court. Since such amendment (R.S.1925, art. 1844 [as amended by Acts 1931, c. 75, § 1, Vernon's Ann.Civ.St. art. 1844]) the only notice afforded by cross-assignments of error is not effective until the time for filing of appellee's brief—only a few days before submission of a case in an appellate court. It would seem, therefore, that there is now even a greater reason than before why a judgment or the findings of fact and conclusions of law should be expected to, as a prerequisite to the right to urge cross-assignments of error.

In a nonjury case the conclusions of fact of the trial judge correspond to a jury's verdict upon special issues. Had the findings which appellees contend were without support in the evidence been the findings of a jury in response to special issues and the record had otherwise been the same as here presented, there would be two reasons why appellees could not have the judgment supported upon the ground that there was no evidence to justify submission of material issues. One is that, in such case an appellee cannot, upon appeal, contend that there was no evidence to raise an issue submitted to a jury, unless its submission was objected to on that ground. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com.App.) 7 S.W.(2d) 521; Gonzales v. Flores (Tex.Civ.App.) 200 S.W. 851; Hair v. Wichita Valley Ry. Co. (Tex. Civ.App.) 274 S.W. 247; International & G. N. Ry. Co. v. Vanlandingham, 38 Tex.Civ.App. 206, 85 S.W. 847; Garrison v. Dallas Railway & Terminal Co. (Tex.Civ.App.) 33 S.W.(2d) 295. This statement is subject to the modification required by amended article 2190, R.S. 1925 (amended by Acts 1931, c. 78, § 1, Vernon's Ann.Civ.St. art. 2190) which we think contemplates that the question be raised by a motion for new trial, in the absence of which the amendment to the statute would not operate to change the former rule.

■ The other reason is the want of assignments of error. Western Union Tel. Co. v. Cates (Tex.Com.App.) 291 S.W. 193; Garrison v. Dallas Railway & Terminal Co., supra. We think the requirements of an exception and cross-assignment of error are no less mandatory in this case than objection to the submission of an issue and a cross-assignment of error in a jury case. For other decisions holding that exception to a judgment and cross-assignments of error are required for appellee to sustain a judgment on some other ground than that attacked by the adverse party, see W. L. Moody Cotton Co. v. Heard (Tex.Civ.App.) 243 S.W. 594; Hill v. Lester (Tex.Civ.App.) 69 S.W.(2d) 474; Garitty v. Halbert (Tex.Civ.App.) 235 S. W. 231; Prairie Lea Production Co. v. Lincoln Tank Co. (Tex.Civ.App.) 294 S. W. 270; J. P. Miller v. Fenner, Beane & Ungerleider et al. 89 S.W.(2d) 506. A contrary holding by this court in Stand-

ard v. Texas Pacific Coal & Oil Co., 47 S.W.(2d) 443, is now believed to have been erroneous, and upon that point will be overruled.

 Appellees, upon the assumption that we were in error in holding that it was necessary that the judgment or findings of fact be excepted to, insist that the other requisite, namely, proper assignment of error, appears from appellees' brief. On page 5 of the brief as a part of the requisite "Statement of the Nature and Result of the Suit" is the following: "(2) There was no authority either actual or apparent in the adjuster to make any such promise and the finding of the trial court that the adjuster was acting in the actual and apparent scope of authority in making such promise is without any evidence to support it." It may be conceded that if this had been urged as a cross-assignment of error it would have been sufficient as an implied assignment. The question is, Should it be so regarded? The law contemplates, we think, that assignments of error be at least sufficiently formal to be recognized as assignments of error. The language above quoted, instead of being part of a contention that the trial court erred is but one of four stated reasons why the judgment was correct. None of the other reasons were under any view sufficient as assignments of error. The statement of a reason why the court in a specific act, ruling, or portion of the proceedings erred is no part of an assignment of error. The reasons may be disregarded. Fuqua v. Pabst Brewing Co., 90 Tex. 298, 38 S.W. 29, 750, 35 L.R.A. 241. Assignments of error may be good, though the reasons be untenable. See authorities in Panhandle & S. F. Ry. Co. v. Burt, supra. If the functions of assignments of error are as hereinbefore stated, then we think certainly just any kind of argument or statement that may be found in a brief implying or suggesting that the court's action was erroneous in some particular, but only as a part of an argument and reason why it was immaterial, cannot be treated as an assignment of error.

 One of the errors assigned to our opinion is to the effect that we constructed from the findings of fact of the trial judge a contract consisting of a promise for an act, an element of which contract was, omitting others, that "if he would incur the expenses * * * that the amount thereof would be repaid to him." It is further argued that our construction of the findings so as to deduce the legal effect thereof to be that appellees' promise was made in order to serve a "supposed advantage to themselves" and that "defendants were interested in Mrs. Hardwicke's receiving good medical attention and nursing since their possible liability to Enloe might as to the amount thereof be greatly affected thereby," was unwarranted by such findings. After further consideration, we are convinced that our opinion is subject to this criticism. It was necessary for the appellants to plead and prove a consideration for the promises of the appellees herein sought to be enforced as contractual obligations. The contract, if there was any, was not in writing. The allegations of its terms therefore did not import a consideration. 10 Tex. Jur. p. 498, § 289; Richarz v. Wolcken, 34 Tex. 102; Tumlinson v. York, 20 Tex. 694; Jones v. Holliday, 11 Tex. 412, 62 Am.Dec. 487; Texas Mutual Life Ins. Co. v. Davidge, 51 Tex. 244; J. M. Radford Grocery Co. v. Jamison (Tex. Civ.App.) 221 S.W. 998. It is difficult to find from a reading of the appellants' petition just what, if anything, was alleged to be the consideration for the promises sought to be enforced. It cannot be determined certainly whether it was contended there was one contract or a number of different contracts. But passing over the matter of pleadings, when we come to the findings of fact, there appears the same uncertainty. It is clear, however, that neither the pleadings nor the findings showed that the parties mutually understood and agreed that a part of the consideration was a supposed advantage to appellees to result from Mrs. Hardwicke's receiving good medical attention and nursing, as held in our original opinion. We are cited to a principle of law well stated in Fire Ins. Ass'n. v. Wickham, 141 U.S. 564, 579, 12 S.Ct. 84, 88, 35 L.Ed. 860, as follows: "The mere presence of some incident to a contract which might, under certain circumstances, be upheld as a consideration for a promise, does not necessarily make

**506**

it the consideration for the promise in that contract. To give it that effect, it must have been offered by one party, and accepted by the other, as one element of the contract." It was further stated in that opinion that " 'nothing is consideration that is not regarded as such by both parties.' To constitute a valid agreement there must be a meeting of minds upon every feature and element of such agreement, of which the consideration is one." The last declaration was expressly quoted with approval by our Supreme Court in Missouri, K. & T. Ry. Co. v. Smith, 98 Tex. 47, 81 S.W. 22, 66 L.R.A. 741, 107 Am. St.Rep. 607, 4 Ann.Cas. 644, and the first quotation was approved and followed in Johnson v. Breckenridge-Stephens Title Co. (Tex.Com.App.) 257 S.W. 223. It now appears that in our original opinion we construed the findings as showing a consideration consisting of the elements above stated only because it was apparent that they might well have constituted consideration, but we overlooked the principle of law stated in the foregoing authorities that it was necessary that they be mutually regarded as such, and that to be effective it would be necessary that they be pleaded and that the findings support such allegations. If the findings of the trial judge be regarded as ambiguous, then they should be construed with reference to the conclusion that there was no consideration so as to accord therewith, unless the language of the findings could reasonably admit of no other construction than one at variance with the conclusion.

Upon further consideration, we are also convinced that the findings do not clearly show that one of the conditions of the offer was that plaintiff *incur* the debts. This, even under the view expressed in our original opinion, was essential to constitute a consideration.

We have, therefore, concluded that we were in error in holding that the findings of the trial judge established conclusively the existence of a consideration. It is now our opinion that the motion for rehearing should be granted, that our former judgment should be set aside, and that judgment be rendered for the appellees in all things affirming the judgment of the court below, which is accordingly so ordered.