**BUSBEE et al. v. BUSBEE et al.   (No. 6361.)**

(Court of Civil Appeals of Texas. Austin. May 13, 1921.)

**1. Appeal and error ⬤⟶753(2)—Judgment affirmed in absence of assignments of error and fundamental error.**

Where appellants' brief contains no assignment of error, judgment must be affirmed unless the record discloses fundamental error.

**2. Appeal and error ⬤⟶722(1)—Copies of findings of fact designated as assignments of error held not such.**

Brief of appellant *held* not to contain assignments of error, though it referred to copies of certain of the trial court's findings of fact and designated them assignments of error, such alleged assignments not charging that the trial court committed any error, and not being followed up by any proposition in the brief, as required by the rules, although it contained what were called propositions, which were mere recitals of certain testimony contained in the statement of facts, not asserting any proposition of law.

**3. Appeal and error ⬤⟶745—Assignments of error may be considered though not filed below.**

Where findings of fact and conclusions of law were filed after the final judgment was rendered, under rule 101 (142 S. W. xxiv) appellants had the right to complain thereof by assignments of error presented in their brief, though not contained in the transcript, and not filed in the court below.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by Lorena Busbee and others against T. B. Busbee and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

A. L. Brantley, of Eastland, and J. L. Alford, of Rising Star, for appellants.

McCartney, Foster & McGee, of Brownwood, for appellees.

KEY, C. J. [1, 2] Appellants' brief contains no assignments of error, and therefore the judgment must be affirmed, unless the record discloses fundamental error. The brief referred to copies certain of the trial court's findings of fact, and designates them assignments of error, the following being a sample:

"First Assignment of Error.

"(T. R. page 40, tenth finding of fact.) I find that T. B. Busbee used $500 belonging to his wife, Mrs. A. L. Busbee, in the purchase of the land involved in this suit, situated in Rising Star, Tex., and that the interest on this money since it was used amounts to the sum of $350, or a total of $850, and that the plaintiffs are entitled to charge against the interest of T. B. Busbee in said community estate two-thirds of said sum or the sum of $566.65 instead of that much interest in said Rising Star land."

It will be noted that the alleged assignments do not charge that the trial court committed any error; nor does the brief follow them up with any proposition, as required by the rules. It is true that it contains what is called propositions, but these are mere recitals of certain testimony contained in the statement of facts, and do not assert any proposition of law.

[3] We do not sustain appellees' contention that the alleged assignments should not be considered because they were not filed in the court below and copied from the transcript, because, as the findings of fact and conclusions of law were filed after the final judgment was rendered, under rule 101 (142 S. W. xxiv) appellants had the right to complain of such findings and conclusions by assignments of error presented in their brief, though not contained in the transcript. Moody v. Bonham, 178 S. W. 1020; Craver v. Greer, 107 Tex. 356, 179 S. W. 862. However, that rule does not dispense with assignments of error, and, as appellants' brief in this case contains no assignments of error, it must be disregarded.

We have discovered no fundamental error, and therefore the judgment is affirmed.

Affirmed.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes