## McDANIEL et al. v. TURNER. (No. 6827.)

(Court of Civil Appeals of Texas. Austin. Dec. 17, 1924. Rehearing Denied Jan. 14, 1925.)

1. **Appeal and error** ⚖≈719(1, 10)—**Ruling of trial court not involving fundamental error not reviewable, where no assignments of error filed.**

Court of Civil Appeals cannot review a ruling of trial court, not involving fundamental error, where no assignment of such ruling has been filed in trial court; this rule applying to matters arising subsequent to overruling motion for new trial as well as those arising prior thereto.

2. **Innkeepers** ⚖≈12—**Petition accommodations furnished held sufficient.**

In action to recover for meals and beds furnished members of a baseball team, where plaintiff set out with as much particularity as he could the names of the parties, dates, etc., in connection with meals and beds furnished, such petition was sufficient, and special exceptions thereto were properly overruled.

3. **Appeal and error** ⚖≈907(3), 1170(3)—**Overruling special exception to petition, if error, held harmless, where no statements of facts filed and no showing that defendant was surprised or injured thereby.**

Where no statement of facts was filed, it must be presumed that judgment was rendered upon sufficient evidence, and, where there was no showing that defendants were surprised or injured by overruling of special exceptions to petition, error, if any, *held* harmless under rule 62a.

4. **Frauds, statute of** ⚖≈146—**Petition to recover for meals and beds furnished ball team held not to allege agreement to answer for debt, default, or miscarriage of others.**

In action to recover for meals and beds furnished members of ball team, petition alleging that meals and beds were furnished, and that defendants agreed to pay therefor, and that credit was extended personally and individually to defendants, *held* not to allege an agreement to answer for debt, default, or miscarriage of others, and it was immaterial whether such agreement was verbal or in writing, as proof by either character of evidence would support recovery.

5. **Partnership** ⚖≈165, 200—**Members of partnership jointly and severally liable, and in suit against one others not necessary parties.**

An exception based on insufficiency of alternative plea, alleging a partnership between defendants and others not named, does not go to merits of plea, since defendants would be liable jointly and severally if they were members of partnership which contracted debt, and other members of partnership were not necessary parties to suit.

6. **Appeal and error** ⚖≈544(1), 1032(1)—**Overruling of special exception not involving fundamental error held harmless and not ground for reversal, in absence of statement of facts or affirmative showing of prejudice.**

Error in overruling defendant's special exception to plaintiff's alternative plea, it not involving fundamental error, was harmless, where no injury or prejudice was shown and judgment could be sustained under allegations of original petition without reference to alternative plea, since, in absence of statement of facts or affirmative showing of prejudice, ruling, if erroneous, is not ground for reversal.

Appeal from Cooke County Court; Geo. W. Dayton, Judge.

Action by W. S. Turner against Lee McDaniel and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Culp, Culp & Culp, of Gainesville for appellants.

Granville Jones and J. T. Adams, both of Gainesville, for appellee.

McCLENDON, C. J. This suit was by W. S. Turner, appellee, against Lee McDaniel and S. F. Zacherias, appellants, to recover $856.43 for meals and beds furnished to members of certain baseball teams, under an alleged contract between appellants and appellee.

The cause was tried to the court without a jury, and judgment was rendered for appellee for $757.06 and costs. The appeal is from this judgment.

Appellants have briefed the case under 14 assignments of error, supported by 8 propositions. The first 13 assignments complain of the action of the trial court in overruling special exceptions to plaintiff's pleadings,

---

⚖≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and the fourteenth complains of the failure of the trial court to file findings of fact and conclusions of law.

[1] With reference to the fourteenth assignment, it is only necessary to state that it was not filed in the trial court, and appears only in appellants' brief. We need not cite authorities supporting the general proposition that Courts of Civil Appeals cannot review a ruling of the trial court, not involving fundamental error, where no assignment of error complaining of such ruling has been filed in the trial court. In Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734, the filing of an assignment of error was held to be jurisdictional. This rule applies to matters which arise subsequently to overruling a motion for new trial as well as to those arising prior thereto; in the former instance the proper practice being to file a separate assignment complaining of such ruling. Overton v. Colored K. of P. (Tex. Civ. App.) 163 S. W. 1053; Dees v. Thompson (Tex. Civ. App.) 166 S. W. 56; Werner v. Needham (Tex. Civ. App.) 201 S. W. 213.

The special exceptions referred to in the first 10 and thirteenth assignments question the sufficiency of plaintiff's pleadings, in that they fail to state the names of the parties to whom the meals and lodgings were furnished, the rates at which furnished, the amounts due and payable, and the times when same were furnished or due; and that, where the names of the parties are given, the amount furnished each is not stated. These exceptions were directed against the petition, exhibits thereto, and supplemental petition. It is not necessary to set out each of these exceptions, as they all in one form or another urge that the pleadings are too vague, indefinite, and uncertain in one or more of the particulars named.

The amended petition alleged that defendants were managers of "the Gainesville Baseball Team," and as such contracted with various parties, and as part of the compensation agreed to pay their board and room rent while so employed.

"That said defendants contracted with this plaintiff to furnish board and rooms for their said employees, and agreed to pay this plaintiff 37½ cents per meal for each meal furnished to the employees of said defendants, and also agreed to pay this plaintiff 75 cents per day for each one of said employees who was furnished a bed."

That in pursuance of such contract plaintiff, between June 16, 1922, and September 5, 1922, furnished meals and beds for various and sundry parties, aggregating $856.43; that the plaintiff did not keep a record showing the name of each party, and in some instances did not even know their names, and for that reason could not give their names accurately and definitely, but that defendants had such record. Two exhibits were attached to the petition. In the first was a

269 S.W.—32

statement by weeks for meals and lodgings, without specifying the number of meals and lodgings, and the second gave the names of 22 persons to whom meals and beds were furnished. Of some of these persons only the surname was given, and others the full name. With reference to these exhibits the petition alleged that it was impossible for plaintiff to state accurately the dates when said parties were at his place of business, with the exception of three of the parties named who were furnished three meals a day and one bed each for the whole of the time from June 16 to and including September 5, 1922, with the exception of one week when each of said parties was absent, and two of the parties named who were furnished three meals a day each day from July 25, 1922, to September 5, 1922. It was further alleged that 112 meals and 28 beds were furnished to the Farmersville team on July 13, 14, and 15, 1922; and 103 meals and 29 beds to the Celina team about July 6th, 7th, and 8th. It was further alleged that defendants agreed and promised to pay plaintiff the sums alleged, aggregating $856.43, and the same were past due and unpaid, though frequent demand for payment had been made. No statement of facts was filed, and no objection shown to any evidence introduced.

[2] We think the special exceptions were properly overruled. Plaintiff alleged that he set out with as much particularity as he could the names of the parties, dates, etc., in connection wtih the meals and beds furnished, and certainly the law would not require him to do more than it was in his power to do. Shoe Co. v. Snodgrass (Tex. Civ. App.) 257 S. W. 632, and authorities there cited. Also see Wolf v. Wolf, 269 S. W. 488, by this court, not yet [officially] published.

[3] But aside from this, the assignments should be overruled under the holding in Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822. In that case it was expressly held in answer to certified questions from this court that—

"Where the trial court commits an error of law in overruling a special exception, the petition being good as against a general demurrer, but upon the trial the judgment rendered is such that the plaintiff was entitled to recover upon the merits of the case, and the defendant does not show that he was surprised or otherwise injured by the improper overruling of the special exception, the judgment should be affirmed."

Since there was no statement of facts, it must be presumed that the judgment was rendered upon sufficient evidence, and, as there was nothing to show that defendants were surprised or otherwise injured by the rulings attacked, the error, if any, was harmless under rule 62a as interpreted in the above quotation.

[4] The special exception referred to in the

eleventh assignment of error urged that the petition was insufficient in law, because it showed on its face that, if defendants made any agreement at all, it was to answer for the debt, default, or miscarriage of others, and there was no allegation that such agreement or any memorandum thereof was in writing, signed by defendants or by their authority.

As above shown, the petition expressly alleged that the meals and beds were furnished under an agreement between plaintiff and defendants, and that the latter agreed to pay the former the sums enumerated in the petition. The supplemental petition alleged that "said credit was extended personally and individually to the said defendants and each of them." The pleadings, therefore, do not allege an agreement to answer for the debt, default, or miscarriage of others, but, on the contrary, expressly declare upon an agreement whereby defendants became the principal obligors and not sureties for the parties to whom the meals and beds were furnished. Whether such agreement was verbal or in writing was immaterial; proof by either character of evidence would support recovery.

[5] The twelfth assignment complains of the action of the trial court in overruling an exception to plaintiff's supplemental petition urging the insufficiency of an alternative plea therein alleging a partnership between defendants and others not named. The ground of objection was that neither the names of the other members of the partnership, the business in which it was engaged, nor the place where such business was conducted were alleged.

This exception does not go to the merits of the alternative plea, since defendants would be liable jointly and severally, if they were members of a partnership which contracted the debt, and the other members of the partnership were not necessary parties to the suit. Fowler Commission Co. v. Land Co. (Tex. Com. App.) 248 S. W. 314, and authorities there cited; also Hardware Co. v. Garlitz, 265 S. W. 1059, recently decided by this court.

[6] If it be conceded that defendants were entitled to have the information called for in this exception for the purpose of preparing their defense, the error in overruling the exception was harmless, under the ruling already made, because no injury or prejudice was shown, and the judgment could be sustained under the allegations of the original petition, without reference to the alternative plea in question. In the absence of a statement of facts or of affirmative showing of prejudice, the ruling, if erroneous, is not ground for reversal. Golden v. Odiorne, above.

The trial court's judgment is affirmed.

Affirmed.