DAVIS et al. v. SHELBY et al.    (No. 6963.)

(Court of Civil Appeals of Texas. Austin. March 3, 1926.)

1. Appeal and error ⊗══635(1)—Where record discloses no assignments of error, and contains no findings of fact or conclusions of law, judgment will be affirmed unless fundamental error is apparent of record (rules 23 to 28 for Courts of Civil Appeals).

Where record discloses no assignments of error, and contains no findings of fact or conclusions of law, judgment will be affirmed unless fundamental error is apparent of record (rules 23 to 28 for Courts of Civil Appeals).

2. Logs and logging ⊗══3(15)—Evidence held insufficient to show title to timber, either in plaintiffs who claimed as vendees or grantees of original owner, or in interveners who claimed as surviving wife and children of grantee of original owner.

In a suit involving ownership of timber, evidence *held* insufficient to show title either in plaintiffs, who claimed as grantees or vendees of original owner, or in interveners who claimed as surviving wife and children of one to whom original owner had made grant reserving timber.

3. Evidence ⊗══332(3)—Allegations of amended petition of plaintiffs and interveners not sworn to, which were expressly denied, constituted no proof of title to timber.

In an action involving the ownership of timber, allegations of amended petition of plaintiffs and interveners which were not sworn to, and allegations of which were expressly denied by defendants, constituted no proof of title in plaintiffs or interveners.

4. Appeal and error ⊗══877(2)—Vendors or plaintiffs who failed to show title to timber in themselves could not complain that court granted defendants affirmative relief quieting title in defendants as against them.

Vendors or plaintiffs who failed to show title to timber in themselves could not complain that court granted defendants affirmative relief quieting title in defendants as against them.

Appeal from District Court, Burnet County; J. H. McLean, Judge.

Action by Ed. Davis and others against A. Shelby and others, wherein nine other parties intervened as plaintiffs. From a judgment for defendants, plaintiffs and interveners appeal. Affirmed.

J. Tom Higgins, of Lampasas, for appellants.

Abney & Abney, of Lampasas, for appellees.

BAUGH, J. There are thirty-one appellants in this cause. Twenty-two of them, as original plaintiffs, filed this suit against appellees, three in number. Their first count was in trespass to try title to a certain 1,420 acres of land in Burnet county; and their second was that they owned the timber on said lands. They claimed title to the timber through purchase of same from one J. T. O'Hair, who was recognized as the common source of title of all parties, appellants and appellees as well. They also alleged that appellees were denying their title to the timber, refusing to allow them to enter upon said premises and remove same therefrom, and were themselves appropriating the mature timber and destroying the young timber. They prayed for damages and for injunctive relief. Thereafter nine others of appellants intervened in said suit, alleging that they were the heirs at law of J. T. O'Hair, deceased, and made common cause with the original plaintiffs.

The defendants, in addition to special and general exceptions and general denial, asked that their title be quieted against both plaintiffs and interveners. The case was tried to the court without a jury and judgment rendered that plaintiffs and interveners take nothing, and that the defendants be quieted in their title to all timber upon said lands, from which judgment this appeal is prosecuted.

[1] The record discloses no assignments of error to any action of the trial court; nor do any findings of fact or conclusions of law appear therein. Unless, therefore, there is fundamental error apparent of record, the judgment of the trial court will be affirmed. Rules 23 to 28 for Courts of Civil Appeals, 142 S. W. xii; Ætna Accident & Liability Co. v. Trustees, etc. (Tex. Civ. App.) 218 S. W. 537; McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496; Meurer v. Hooper (Tex. Civ. App.) 271 S. W. 172.

[2, 3] The only proof introduced by plaintiffs was as follows:

First, a deed from T. R. O'Hair to Joe O'Hair, dated March 21, 1892, conveying the land in question, which deed, among other provisions, recited that "the timber on the above-described and conveyed land is by me T. R. O'Hair reserved from this conveyance.

Second, a deed dated December 23, 1895, from Joe O'Hair to Alexander Shelby, conveying to him said lands, "save and except the timber on the above-described land, which is * * * not intended to be conveyed in this instrument."

No other proof was offered by the original plaintiffs or the interveners. Appellants admit that they failed to show any title whatever in the original plaintiffs, who claimed

---

as vendees or grantees of T. R. O'Hair, but urge that the interveners have shown a prima facie interest as the surviving wife and children of said J. T. O'Hair. But the record does not sustain them on this. In said original conveyance T. R. O'Hair was not joined by his wife nor any one else. Nor is he a party to this suit in any capacity. There is not a scintilla of evidence that he was dead, and, if so, who were his heirs or legal representatives, nor that he had ever parted with his title to the timber reserved in the deed to Joe O'Hair. There was therefore no proof of any title whatever in any of the plaintiffs or interveners. The allegations of their amended petition, which was not sworn to, and which allegations were expressly denied by the defendants, constitute no proof whatever.

[4] Not having shown any title whatever to said timber in themselves, neither the interveners nor the plaintiffs can be heard to complain that the court granted the defendants affirmative relief as against them with reference thereto. It is therefore unnecessary and would be improper for us to pass upon the trial court's construction of the reservation in T. R. O'Hair's deed. That question is not properly before us for consideration. The judgment of the trial court must be affirmed.

Affirmed.