**O'NEAL et al. v. ALLISON et ux.** (No. 1494.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 22, 1927.)

**1. Appeal and error ⬪⟶745—Assignments attacking conclusions of law will be considered, though not filed in trial court nor contained in transcript (rule 101).**

Assignments of error in brief attacking conclusions of law will be considered, though not filed in trial court nor contained in transcript, in view of rule 101, since conclusions of law were necessarily filed subsequently to rendition of judgment.

**2. Chattel mortgages ⬪⟶6—Instrument executed by buyers of furniture on installment plan held mortgage, notwithstanding provision that "mortgagor" take possession on default in payment.**

Instrument executed by buyers of furniture on installment plan *held* to be mortgage to secure payment of purchase price, notwithstanding provision that "mortgagor" may take possession on default in payment, in view of apparent intent that mortgagee should be given such right.

**3. Chattel mortgages ⬪⟶162—Sellers of furniture on installment plan held empowered under mortgage to repossess furniture on buyers' default in payments.**

Sellers of furniture on installment plan *held* to have right to repossess such furniture on default of buyers in making payment stipulated in contract, in view of mortgage securing purchase price giving them such right.

**4. Chattel mortgages ⬪⟶176(5)—Damages for sellers' conversion of furniture, for purchase price of which mortgage was given, is difference between market value of converted furniture and unpaid balance due seller.**

Where sellers of furniture on installment plan converted it by repossessing and selling it, buyers' measure of damages is difference between market value at time and place of conversion and unpaid balance due seller, and not price paid for furniture converted.

**5. Chattel mortgages ⬪⟶288—Buyers of furniture held entitled, after sellers' repossession and sale under mortgage for default in payment, to remainder of proceeds after paying debt.**

Where sellers of furniture on installment plan rightfully repossessed and sold it on buyers' default in payment under mortgage giving such power, buyers are entitled to remainder, if any, of amount received after applying proceeds of sale to debt.

Appeal from Jefferson, County Court; C. N. Ellis, Judge.

Action by C. C. Allison and wife against E. C. O'Neal and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

F. M. Sheffield, of Beaumont, for appellants.

Howth, Adams & Hart, of Beaumont, for appellees.

O'QUINN, J. Appellees sued appellants in the county court at law of Jefferson county, alleging that on May 22, 1923, they purchased of appellants a bill of furniture on the installment plan, amounting to $440.50; that on said date they made a payment of $67.50; and that on November 3, 1924, they had paid the sum of $315, leaving the amount due by them on said bill of furniture $125.50; that on said date appellee C. C. Allison's work called him out of town; and that he made known to appellants that he was having to go out of town, giving them his address, and agreed with appellants that said furniture could be stored in appellants' warehouse; and that the remainder due, $125.50, might be paid in a lump sum or in installments at a later date; that, as soon as appellees left town, appellants breached their said agreement with appellees, and, without giving appellees any notice whatever, converted said furniture and sold same, and refused to return same to appellees or to pay them any sum therefor, alleging that they had at all times been ready, willing, and able to pay said $125.50 balance due on said furniture, and prayed for judgment that, upon appellees paying to appellants said sum of $125.50, they have judgment that said furniture be returned to them, or that, in the event said furniture could not be so returned, then that they have judgment for the amount they had paid on same, $315.

Appellants answered by general demurrer, general denial, and specially denied that appellees had informed them to what place they were going, or what their address would be, or that any agreement was made that the balance due on said furniture could be paid in a lump sum or in installments at a later date, but, to the contrary, that appellees agreed with appellants that payments on said furniture should be continued to be made monthly as per the original contract on the sale of same. Appellants further specially answered that, after appellees left town, and had been gone for several months, and not hearing anything from them, and not receiving any further payments on said furniture, they exercised their right under the mortgage given them by appellees at the time the furniture was bought, and repossessed themselves of said furniture left in storage in the collection of their said debt, and hence were not liable to appellees for said furniture.

The case was tried before the court without a jury, and judgment rendered for appellees in the sum of $260. The case is before us on appeal.

The court, at the request of appellants, filed his findings of fact and conclusions of law. There is also in the record a complete

⬪⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

statement of facts duly agreed to by the parties and approved by the court.

As shown by the court's findings of fact and by the statement of facts, appellees, on May 22, 1923, bought a bill of furniture from appellants, amounting to $440.50, making a payment of $67.50, leaving a balance of $393, which was to be paid in installments of $35 per month. On November 3, 1924, appellees had made payments reducing the debt to $125.50. At the date of purchase, appellee C. C. Allison executed a mortgage to appellants, containing the following clause:

"And provided further, that until default shall be made by the said mortgagor in any of the stipulations of this mortgage, it shall be lawful for him to retain possession of said goods and chattels and the use of same with proper care; but, if said mortgagor or any other person shall attempt to remove said goods and chattels from the county, or sell, or otherwise make way with them, or dispose of same, without the consent of mortgagee or its representative in writing expressed, or if said mortgagor shall fail to pay any installment as it becomes due, then all said installments unpaid shall at once become due and payable and said mortgagor or its representative shall have the right and is hereby authorized and empowered to take possession of said goods and chattels, with or without process of law, * * * said mortgagor hereby waiving any claim or action for trespass or damages on account of said taking * * * and to sell same at public or private sale, with or without notice, and after paying this indebtedness and expense, the balance, if any remains, shall be paid to the mortgagor or his assignee."

Among other things, the court found:

"I find that on or about November 3, 1924, the plaintiffs, being called out of town, stored said bill of goods or furniture with the defendants, giving the defendants the address to which plaintiffs were going, but that, as soon as plaintiffs left town, defendants breached the terms of their agreement, and, without giving plaintiffs any notice whatever, sold said furniture, without complying with the law governing the sale of goods in storage.

"I find that, when plaintiffs left town on November 3, 1924, they carried with them one oil stove and rocker, aggregating the total sum of $55, and this, of course, was not stored with the defendants when plaintiffs left town.

"I find that plaintiffs have been ready, willing, and able at all times to pay defendants the sum of $125.50 still owing defendants on said bill of goods or furniture, and that plaintiffs have gone to defendants to arrange for the payment of same, but were advised by defendants that said furniture had been put back in stock to be sold.

"I find that defendants, though often requested, failed and refused to deliver back to plaintiffs said bill of goods stored with defendants by plaintiffs, and have failed and refused to refund to plaintiffs the money paid out for same (less the $55 for the rocker and oil stove plaintiffs kept), to the damage of plaintiffs in the sum of $260.

"I find that, when said bill of goods was stored with defendants herein, when the plaintiffs left town, the defendants knew that said goods were merely being placed in storage, and that the plaintiffs still claim same, and still wanted same later on.

"I find that there was no legal foreclosure on the instrument executed on May 22, 1923.

"I find that plaintiffs made no payments to defendants on said goods from the time they were stored, until, to wit, on the 3d day of November, 1924, until the 8th day of April, 1925."

Based upon its findings, the court concluded that appellees were entitled to recover of appellants the sum of $260, that being the difference between the amount that appellees had paid to appellants, $315, and the value of two certain pieces of furniture which were not stored, $55; that, when appellants repossessed themselves of the furniture and sold same, no legal procedure was complied with for the sale of goods in storage; that the instrument executed by appellees to appellants, denominated a mortgage, was not a mortgage, because same provided that the "mortgagor or its representative shall have the right and is hereby authorized and empowered to take possession of said goods and chattels with or without process of law"; that, under said instrument executed by appellees to appellants, appellants had no right to take possession of, nor to sell, said furniture without process of law, without authority from appellees.

[1] Appellees object to our considering appellants' assignments of error because they were not filed in the trial court and copied in the transcript. Each of the assignments (three) attacks the court's conclusions of law. Since the findings of fact and conclusions of law filed by the court were necessarily filed subsequently to the rendition of the judgment, appellants had the right to complain of such findings and conclusions by assignments of error presented in their brief, though not filed in the trial court nor contained in the transcript. Rule 101 (142 S. W. xxiv); Johnson v Poteet (Tex. Civ. App.) 279 S. W. 902; Busbee v. Busbee (Tex. Civ. App.) 231 S. W. 441; Marvin v. Kennison Bros. (Tex. Civ. App.) 230 S. W. 831. Appellees cite us to Davis v. Shelby (Tex. Civ. App.) 283 S. W. 212, and McDaniel v. Turner (Tex. Civ. App.) 269 S. W. 496, as sustaining their objections to considering appellees' assignments. Under the facts, they have no bearing on the question. In neither of them does it appear that the appellant was complaining of a ruling action of the trial court which occurred subsequent to the rendition of final judgment. Said decisions do not conflict with our holding in the instant case.

[2] The first assignment of error complains that the court erred in holding (third conclusion of law) that the instrument executed by appellees was not a mortgage. The assignment is sustained. The use of the word "mortgagor" in the clause, "said mortgagor or its representative shall have the right and is hereby authorized and empowered to take

possession of said goods and chattels, with or without process of law," was but a clerical error, and, when the instrument is considered from its whole context, it is plain and certain that the "mortgagee" was given the right and power to take possession of goods and chattels if and when the mortgagor made default in the payment of stipulated installments, and the instrument was, as designated, a mortgage given by appellees to secure the payment of the purchase price of the furniture.

[3] By reason of the above holding, appellants' second assignment that the court erred in holding (fourth conclusion of law) that, under the instrument executed by appellees, the appellants had no right to repossess said furniture upon default by appellees in making payments stipulated in the purchase contract, must be sustained.

[4, 5] Appellants' third assignment is that the court erred in holding that the measure of damages for the wrongful seizure and sale of the furniture was the price paid by appellees. This assignment is sustained. The court found that on November 3, 1924, the appellees were called out of town, and stored their furniture in question with appellants, giving appellants the address to which they were going, but that, as soon as they left town, appellants breached the terms of their agreement with appellees, and, without giving them any notice, sold the furniture, and appropriated the proceeds. Appellees contend, and the court seems to have intended to find that, at the time appellees stored the furniture with appellants, they had an agreement that the balance due, $125.50, could be paid either in a lump sum or in installments at some future time, and that appellees informed appellants where they were going. April 8, 1925, appellants repossessed themselves of the furniture, and placed same among their stock for sale. About May 1, 1925, appellees called on appellants, and offered to pay the balance due, and demanded the furniture. Appellants deny that they made any agreement that the balance due could in any manner be paid later than when due, but admit that they knew when the furniture was stored that appellees claimed same and wanted it returned later. If, in fact, the court's finding, which is not challenged by appellants, is true, that as soon as appellees left town appellants sold the furniture, then appellants were guilty of conversion, and appellees' measure of damages would be the difference between the actual market cash value of the furniture converted at the time and place of conversion and the balance, $125.50, remaining unpaid. There is no evidence whatever in the record of the market value of the property at the date of its taking, April 8, 1925, as admitted by appellants, so that on this phase of the case

we are not able to determine what, if any, amount appellees would be entitled to receive as their damages. On the other hand, if appellants were not guilty of conversion, but, after default made in the payments by appellees, appellants, under and by virtue of their mortgage, took possession of the property, and sold same to collect the balance due, then, under the terms of the mortgage, appellees would be entitled to the remainder, if any, of the amount for which the property was sold, after applying the proceeds of the sale to the debt.

Because of the errors above discussed, the judgment is reversed and the cause remanded for a new trial in accordance with our holding here.

Reversed and remanded.