## GULF MANUFACTURING & LUMBER CO. v. NEWTON.

### No. 1959.

Court of Civil Appeals of Texas. Beaumont. April 17, 1930.

Conley, Renfro & Keen, of Beaumont, for appellant.

Forse & Forse, of Newton, for appellee.

O'QUINN, J.

Appellant brought this suit in the county court of Newton county, Tex., to set aside a judgment rendered in a former suit between the same parties. The instant case was set to be tried on October 18, 1929. On that day the case was tried before the court, and judgment rendered for defendant. Exception to the judgment was taken, and notice of appeal given, and the appeal perfected. Appellant duly requested the court to make, and file his findings of fact and conclusions of law. The court failed to file his findings of fact and conclusions of law within the time required by the statute, to which failure appellant duly excepted. The court allowed the bill of exceptions, but attached thereto the following qualification: " *  *  * The trial court did not refuse to prepare said findings of fact and conclusions of law but on account of the many complex duties of the said trial judge, to wit: Being away from the county on official duties, presiding over the commissioners' court and preparing orders for road bond election, said requested findings were not prepared and filed until 9th day of November, A. D. 1929, only three days after time had expired for filing same, which delay was necessary under all the circumstances."

Appellant's only assignment of error presents the failure of the trial court to make and file his findings of fact and conclusions of law, after due request therefor, within ten days after the adjournment of the court, as reversible error.

The court's making and filing his findings of fact and conclusions of law later than ten days after the court adjourned, though only three days, was not a compliance with the law, article 2247, R. C. S. 1925. Findings of fact filed after the expiration of the ten days allowed by law are a nullity and cannot be considered for any purpose. Bray v. Peters (Tex. Civ. App.) 283 S. W. 591; Jefferson v. Williams (Tex. Civ. App.) 286 S. W. 614.

But appellee, by counter proposition, insists that appellant's assignment of error cannot be considered because same was not filed in the trial court and brought up in the transcript. The record discloses that the assignment of error was not filed in the trial court, but that same appears for the first time in appellant's brief. At a former day of this term we sustained appellee's counter proposition, and further held that the matter complained of by appellant was not fundamental error, and affirmed the judgment. After a more careful and thorough consideration of the question involved, we have concluded that our refusal to consider appellant's assignment of error, because same was not filed in the trial court and brought up in the transcript and the consequent affirmance of the judgment, was error. The rule is well settled that the statutory requirement that assignments be filed with the clerk and brought up in the transcript is directory only, in so far as it relates to matters occurring after the judgment of the trial court. Accordingly assignments relating to matters which occurred after rendition of the judgment are not required to be filed in the trial court and incorporated in the transcript, but need only be incorporated in the brief of the appellant or the plaintiff in error. 3 Tex. Jur. § 586; Johnson v. Poteet (Tex. Civ. App.) 279 S. W. 902 (writ refused); Busbee v. Busbee (Tex.

874

Civ. App.) 231 S. W. 441; Moody v. Bonham (Tex. Civ. App.) 178 S. W. 1020; District Court Rule 101. On first consideration, it was thought that the matter complained of, the failure of the court to file his findings of fact and conclusions of law within ten days, as required by law, was not a matter relating to any action or ruling of the trial court which occurred subsequently to the rendition of the final judgment in the case (being mere non action or failure to act on the part of the trial judge), but a more careful examination of District Court Rule 101, and the decisions construing same, has convinced us that the rule applies, and that the court's failure to make and file his findings of fact and conclusions of law, as required by law, is such action of the court occurring subsequent to the rendition of the final judgment in the case, as may be complained of by appellant by an assignment not filed in the trial court, but appearing for the first time in his brief. This identical question seems to have been passed on in the case of Johnson v. Poteet, supra, in which the Supreme Court refused a writ of error.

Having concluded that appellant's assignment of error should be considered, the only question is, Shall the judgment be reversed because the court failed to make and file his findings of fact and conclusions of law as requested? It is the duty of the court, when duly requested, under article 2208, R. S. 1925, to make and file his findings of fact and conclusions of law. The nature of the original suit, which was dismissed and which the instant suits seeks to restore to the docket, was one that might be closely contested on the facts. The suit was one on account. The defendant, appellee, denied appellant's right to recover on the ground that the account had been paid, and also because the account was barred by the statute of limitation. The venue of the suit had been transferred from the county court of Jefferson county to the county court of Newton county on a plea of privilege. It was there dismissed for want of prosecution and the question whether appellant was entitled, under the law, to have the judgment of dismissal set aside and the case restored to the docket for trial on the merits, was a question of considerable controversy. Its answer would depend upon the facts proven. The right of an appellant to have on appeal the findings of fact made by the trial court, in a case tried before him without a jury, is a substantial right given him by statute, and when the court fails to make such findings, when duly requested to do so, and error is assigned against such failure, in the absence of a showing that no harm resulted to appellant, the judgment must be reversed. In the instant case there is no statement of facts in the record. There is nothing to show

that appellant suffered no injury by the court's failure to make and file his findings. Therefore the judgment must be reversed and remanded. Article 2208, R. S. 1925; Robison v. Galloway (Tex. Civ. App.) 278 S. W. 282; U. S. Fidelity & Guaranty Co. v. Loyd (Tex. Civ. App.) 278 S. W. 282; Gordon, Sewall & Co. v. Pacific-Caribbean-Gulf Line (Tex. Civ. App.) 2 S.W.(2d) 542.

On our own motion, we set aside the judgment heretofore rendered by us affirming the judgment of the trial court, and here reverse and remand same.

Reversed and remanded.