**HENDERSON et al. v. ODESSA BLDG. & FINANCE CO.**

Motion No. 9031; No. 1161–5466.

Commission of Appeals of Texas, Section B. May 7, 1930.

For former opinion, see 24 S.W.(2d) 393.

Paul Moss, of Odessa, for plaintiffs in error.

John F. Weeks and C. W. Tate, all of Odessa, for defendant in error.

LEDDY, J.

The principal insistence made by defendant in error in its motion for rehearing is that the evidence shows that, at the time plaintiff in error levied their execution upon the lot in controversy, it was in possession of said premises, through a tenant, which fact charged plaintiff in error with notice of its rights.

The trial court found as a fact that, at the time the levy was made, plaintiffs in error had no notice of any claim to said property by defendant in error. Defendant in error, having failed to except to the findings of fact or judgment, will not be heard to complain of same on appeal. Ins. Co. v. Milliken, 64 Tex. 48; Buster v. Warren, 35 Tex. Civ. App. 644, 80 S. W. 1063; Drake v. Davidson, 28 Tex. Civ. App. 184, 66 S. W. 889, 891; Meisner v. Taylor, 56 Tex. Civ. App. 187, 120 S. W. 1014; Jamison v. Alvarado Compress & Warehouse Co., 45 Tex. Civ. App. 263, 99 S. W. 1053.

We adhere to the conclusion expressed in our original opinion that plaintiffs in error, being lien creditors without notice of defendant in error's claim to said property at the time of the levy, are protected under article 6627, R. S. 1925.

The motion for rehearing should be overruled.