## FIRES v. KINNEY–SHOTTS INV. CO. et al.

### No. 2544.

Court of Civil Appeals of Texas. El Paso.

May 21, 1931.

Rehearing Denied July 2, 1931.

912

C. A. Wright, of Fort Worth, for appellant.

Jesse E. Martin and Dawson H. Davis, both of Fort Worth (Homer B. Green, of Fort Worth, of counsel), for appellees.

PELPHREY, C. J.

This is an appeal from a judgment of the county court at law of Tarrant county, Tex., that appellant take nothing in his suit against Kinney-Shotts Investment Company, a copartnership, in which he was seeking to recover the sum of $240.94, as a penalty for the collection of usurious interest alleged to have been included in and collected upon a note executed by appellant to Wes-Tex Auto Sales, Inc., and assigned to Kinney-Shotts Investment Company.

On October 23, 1928, appellant purchased from Wes-Tex Auto Sales, Inc., an automobile, and on the 24th of October, 1928, executed and delivered to the Wes-Tex Auto Sales, Inc., his certain promissory note in the principal sum of $812.90, payable in installments. On the 26th of the same month the Wes-Tex Auto Sales, Inc., assigned said note to Kinney-Shotts Investment Company for a valuable consideration.

Appellant paid the full amount of the note to Kinney-Shotts Investment Company and then instituted this suit against both the Wes-Tex Auto Sales, Inc., and Kinney-Shotts Investment Company to recover the penalty provided for in article 5073, Revised Statutes. Prior to the trial appellant dismissed as to Wes-Tex Auto Sales, Inc. In a trial before the court, judgment was rendered that appellant take nothing, and he has appealed. At the request of appellant, the trial court filed findings of fact and conclusions of law.

The court first found the execution of the note by appellant to Wes-Tex Auto Sales, Inc., setting out the note, and that it had been transferred to Kinney-Shotts Investment Company for a valuable consideration, reciting the following indorsement: "For value received pay to Kinney-Shotts Inv. Co. or order with recourse on us. Wes-Tex Auto Sales, Inc. By P. A. Holmes, Treas."

The following finding was also made: "That Kinney-Shotts Investment Company was and is a bona fide purchaser of said note and instrument in writing and a holder in due course thereof; that said note and instrument in writing was and is regular and usual upon its face; that said note and instrument in writing was purchased by and endorsed, sold, transferred and assigned to said Kinney-

Shotts Investment Company by said Wes-Tex Auto Sales, Inc. long before its maturity; that said Kinney-Shotts Investment Company, at the time of the purchase and assignment of said note and instrument in writing and/or at any time subsequent thereto, had no knowledge and/or notice of any kind or character, of any defect and/or infirmity, which existed or may have existed in said note and instrument in writing and/or between the original maker and the holders thereof; that in so purchasing said note, as aforesaid, said Kinney-Shotts Investment Company held the same free and clear of and from any defect of title or prior parties and free and clear of and from defects and defenses available to prior parties among themselves."

Opinion.

Appellant filed no motion for a new trial in the trial court but filed three assignments of error, in substance, as follows: (1) That the court erred in excluding certain evidence; (2) that the court erred in rendering judgment for appellee; and (3) that the court erred in refusing to render judgment in his favor. These three assignments are carried forward in appellant's brief, as well as four others attacking the findings of the trial court.

There being no motion for a new trial filed and no assignments attacking these findings filed in the trial court, they cannot here be considered. Henderson et al. v. Odessa Bldg. & Finance Co. (Tex. Com. App.) 27 S.W.(2d) 144, and authorities cited.

In the recent case of McDaniel v. Orr, 30 S.W.(2d) 489, the Commission of Appeals held that intent to charge usury is the ultimate issue in a case to recover the penalty for collecting usurious interest, and, the court having found here that Kinney-Shotts Investment Company had no notice of the usury included in the note, it naturally follows that it could have had no intent to charge or collect it.

The "yellow slip" sought to be introduced by appellant was properly excluded in the absence of any showing of knowledge of the recitals therein contained on the part of appellee. While it may have been admissible for the purpose of showing that usury was in fact included in the note, there was evidence on that question before the court, and the recitals of the yellow slip would have been corroborative only of that evidence. The court having found that appellee had no notice of any usury in the note, the introduction of the instrument would have had no effect on the judgment to be rendered, and, if there was any error, it was harmless, especially when appellant admitted that appellee had no notice of its recitals.

The trial court having found that appellee had no notice of any usury included in the

note, there could have been no intent on its part to charge or collect it, and, that finding not having been excepted to, the judgment will be affirmed.

Affirmed.

### On Motion for Rehearing.

In our former opinion we refused to consider appellant's four assignments which had not been filed in the lower court and did not appear in the transcript.

We based our holding on the decision in Henderson et al. v. Odessa Bldg. & Finance Co. (Tex. Com. App.) 27 S.W.(2d) 144, but after a more careful study of the question we have concluded that we were in error in such refusal. Gulf Manufacturing & Lumber Co. v. Newton (Tex. Civ. App.) 27 S.W.(2d) 873; Johnson v. Poteet (Tex. Civ. App.) 279 S. W. 902 (writ refused); Moody v. Bonham (Tex. Civ. App.) 178 S. W. 1020 (writ refused); Busbee v. Busbee (Tex. Civ. App.) 231 S. W. 441; 3 Tex. Jur. p. 832.

[6] Those assignments do not question the finding of the court that Kinney-Shotts had no notice of any usury having been charged in the note. It may be conceded that usury was included in the note, but such fact does not appear on the face of the note, and therefore the burden was upon appellant to bring home to them knowledge of the fact that it was so charged, and until he had discharged that burden he could not recover the penalty from them.

Still being of the opinion that the judgment was correct, the motion for rehearing is overruled.