### JONES v. CLARK.

### No. 4043.

Court of Civil Appeals of Texas. Texarkana.
June 17, 1931.

Rehearing Denied June 25, 1931.

Duncan & Fanning, of Sulphur Springs, for appellant.

Clark, Harrell & Clark, of Greenville, for appellee.

SELLERS, J.

This is a suit by W. R. Clark, appellee, against R. C. Jones and Drewery Jones for the balance due on a vendor's lien note executed by R. C. Jones to Drewery Jones, and transferred before maturity by Drewery Jones by indorsement to appellee. The appellant defended the suit on the ground that the note and lien sued upon were void, for the reason that they were created in a simulated sale of the homestead of Drewery Jones, appellant, to his son, R. C. Jones, and that the appellee knew the note was given in a simulated sale of the homestead of appellant at the time he purchased the note. The case was tried before the court without the aid of a jury, and, after hearing the evidence, the court rendered judgment for appellee for his debt and the foreclosure of the lien upon the land securing the same, to which judgment the appellant Drewery Jones excepted, and has duly prosecuted his appeal to this court for review.

The appellee in this case insists that appellant's assignments of error contained in his brief, all of which complain of the court's findings of fact and conclusions of law, should not be considered, for the reason that such assignments were not filed in the trial court and brought forward in the transcript. It appears from the record that judgment was entered on January 24, 1931, and the findings of fact and conclusions of law were filed with the court on February 2, 1931. In this state of the record, assignments of error, appearing for the first time in appellant's brief, which complain of the court's findings of fact and conclusions of law will be considered. Busbee et al. v. Busbee et al. (Tex. Civ. App.) 231 S. W. 441.

Appellant has several assignments of error, all of which complain of the court's findings of fact to the effect that appellee was an innocent purchaser of the note sued upon and the lien securing the same for a valuable consideration in good faith, and without notice that the note was executed in a simulated sale of appellant's homestead to his son, R. C. Jones.

Without setting out the evidence upon these issues, we think it is sufficient to say that we have carefully considered the statement of facts and have concluded that the evidence upon such issues is squarely in conflict, and we are without power to disturb the trial court's findings against appellant upon such issues.

The judgment of the trial court will be affirmed.